GEORGE C. PRESTON, Appellant, *v.* SAMUEL R. HAWLEY, Respondent.

*It seems* that mere proof of use and occupation of lands by the vendor, after conveyance of the premises, is not sufficient to support an action under the provision of the Revised Statutes, giving to a landlord a right to recover, "in an action on the case a reasonable satisfaction for the use and occupation of premises by any person, under any agreement not made by deed." (1 R. S. 748, § 26.) To authorize such a recovery the conventional relation of landlord and tenant must be established.

*It seems* the purchaser's remedy in such cases is trespass or ejectment, and for the recovery of mesne profits.

In an action under said statute it appeared the plaintiff purchased the premises of defendant, who remained in possession after the sale during the period for which rent was claimed. Plaintiff testified that on the day of the sale, after it had taken place, in a conversation with reference to the occupation of the property, which was a factory, defendant requested to leave on the premises his property, which consisted of raw material and goods in all stages of manufacture, until they were disposed of or worked up. Defendant, by his agents and servants, occupied the entire building, retained the keys and used the office as his headquarters, not only for the purpose of looking after his property in the building, but for conducting other business there. Plaintiff repeatedly demanded rent of defendant while he was so occupying the premises, and subsequently, and while the latter claimed that plaintiff's charge was excessive in amount, he did not dispute his liability, but admitted he ought to pay something. A motion for a nonsuit was granted. *Held*, error; that whether defendant continued in possession during the time for which rent is claimed, as plaintiff's tenant, and under circumstances from which the law would import an agreement to pay for the use of the property, and if so, the value of such use, were questions for the jury.

Reported on a former appeal in 101 N. Y. 589. The case as there presented distinguished.

(Argued June 23, 1893; decided October 3, 1893.)

APPEAL from a judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 2, 1892, which affirmed a judgment non-suiting plaintiff entered upon a decision of the court on trial at Circuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Howard Chipp, Jr.*, for appellant.  The case presented here is essentially different from that presented to the Court of Appeals on the first appeal, and the decision of that court proceeded on a principle which has no application to the facts as now presented.  (101 N. Y. 589.)  The nonsuit was improperly granted, for the relation of landlord and tenant existed between the parties, and the action for use and occupation was well brought.  (McAdam on Landl. & Ten. § 30; *Collyer* v. *Collyer*, 113 N. Y. 442; *Hunt* v. *Comstock*, 15 Wend. 665; *Desbard* v. *Wallbridge*, 15 N. Y. 374; *Sadlier* v. *Briggs*, 8 id. 473.)  Under the arrangement between the parties, the defendant had the right to use the building and the machinery.  If defendant had the right and power to use and occupy, plaintiff may recover whether defendant took advantage of all his rights or not.  (*Horton* v. *Cowley*, 135 Mass. 589; *Hall* v. *W. T. Co.*, 34 N. Y. 284; *Little* v. *Martin*, 3 Wend. 219; *Jones* v. *Morgan*, 90 N. Y. 4.)  The defendant's claim that he was a mere licensee is untenable.  (*Funk* v. *Haldeman*, 53 Penn. St. 243; *Hancock* v. *Austin*, 14 C. B. [N. S.] 634; *Johnson* v. *Wilkinson*, 139 Mass. 3; *Taylor* v. *Caldwell*, 3 B. & S. 826; *Jackson* v. *Babcock*, 4 Johns. 418; *People* v. *Fields*, 1 Lans. 222.)  The action for use and occupation may be maintained on an implied agreement to pay so much as the occupation might be reasonably worth, and that even when no action for rent as such may be maintained.  (6 Wait's Act. & Def. 227; *Smith* v. *Eldridge*, 15 C. B. 236; Taylor on Landl. & Ten. [6th ed.] § 641; id. [2d ed.] § 651; Saunders Pl. & Ev. 889; 1 Abbott's Forms, 195; Abb. Brief on Pl. 124; *Morris* v. *Niles*, 12 Abb. Pr. 103; *Waters* v. *Clark*, 22 How. Pr. 104; *Newport* v. *Saunders*, 3 Barn. & Ad. 411.)  The action was properly brought against defendant individually.  (*Foland* v. *Dayton*, 40 Hun, 431; *New* v. *Nichol*, 12 id. 431; 73 N. Y. 127; *Austin* v. *Monroe*, 47 id. 360; *People* v. *U. L. Co.*, 30 Hun, 142.)

*George Wilcox* for respondent.  This judgment should be affirmed upon the authority of the decision of this court in

this action upon a former appeal. (*Preston* v. *Hawley,* 101
N. Y. 586.) Independently of the decision referred to, it is
evident that there is no proof in this case establishing the rela-
tion of landlord and tenant between the parties. (Wood on
Landl. & Ten. 348, § 227; *Funk* v. *Haldeman,* 53 Penn. St.
243; *Hancock* v. *Austin,* 14 C. B. [N. S.] 634; *Johnson* v.
*Wilkinson,* 139 Mass. 3; *Jackson* v. *Babcock,* 4 Johns. 418;
*Taylor* v. *Caldwell,* 3 B. & S. 826; *People* v. *Fields,* 1 Lans.
222; *Branch* v. *Doane,* 17 Conn. 411; *Wilson* v. *Martin,* 1
Den. 604; *Milhop* v. *Meinhart,* 70 Iowa, 687; *Strahan* v.
*Smith,* 4 Bing. 94.)

MAYNARD, J. This action is brought under the provision
of the Revised Statutes, which declares that "Any landlord
may recover in an action on the case a reasonable satisfaction
for the use and occupation of any lands or tenements, by any
person under any agreement not made by deed." (4 R. S.
[8th ed.] p. 2459, § 26.)

The plaintiff cannot, therefore, recover without establishing
the conventional relation of landlord and tenant. He succeeded
to the title by purchase from the defendant, who remained
in possession after the sale, during the period for which rent
is claimed. But the bare proof of use and occupation by the
vendor, after conveyance of the premises granted, is not suf-
ficient to support an action for compensation under the statute.
The purchaser's remedy, in such cases, is trespass, or eject-
ment, and for the recovery of mesne profits. (Wooodfall's L.
and T. [11 ed.] 510; *Boston* v. *Binney,* 11 Pick. 1; *Greenup*
v. *Vernon,* 16 Ill. 26; *Tew* v. *Jones,* 13 Meeson & Welsby,
12.)

There can be no inference that the retention of the posses-
sion is pursuant to the agreement of the parties, for the pre-
sumption is that if such were the agreement it would have
been so expressed in the conveyance of the property. Upon
the first trial of this action, which was reviewed by this court
on appeal (101 N. Y. 589), the plaintiff did not succeed, because
there was a substantial failure of proof that the defend-

ant had gone into possession with the permission of the plaintiff, and under circumstances indicating the creation of a tenancy. He there rested upon the proof of use and occupation, and mainly relied upon the presumption of a tenancy which the law has never recognized, but has always disfavored in such cases. There was no further evidence, except that the plaintiff testified that he wrote to the defendant to send him a check and received no reply. He then drew upon the defendant, and he did not honor the draft; and when plaintiff saw him he said that he thought the rent was excessive; that he should pay for storage, but not for the regular full rent of the factory, and this occurred about a month before the defendant ceased to occupy the property.

The record now here is materially different, in this respect, from that presented by the former appeal. The plaintiff's testimony, if entitled to credit, legitimately tended to the conclusion that the defendant's possession, after the sale, was that of a tenant, and not of a trespasser, and that an action of ejectment or of trespass would not lie. He testified that upon the day of the sale, and after it had taken place, the parties had a talk with reference to the occupation of the property, in which the defendant requested permission to leave his goods in the factory until they were disposed of or worked up there. The premises had been used as a wool hat factory, and the personal property there belonging to the defendant consisted of raw material and wool hats in all stages and conditions of manufacture, together with findings and hat bodies, and was distributed throughout the building in every room. Some of the stock was upon the cards, and the unfinished hats were in the formers. This property remained there for two months and a half, and during this time plaintiff had no possession or use of the premises, but paid the taxes and insurance. The defendant, by his agent and servants, occupied the entire building, and had the keys of the factory and all the indicia of possession and control of it. He employed a watchman who slept in the building; had his safe and books and papers in the office rooms, and used

the office as his headquarters, for the purpose of not only looking after the goods which he had in that factory, but also conducted from it the operations of a straw hat factory in the same city. The agent made his daily reports to the defendant of the business of the straw hat factory from this office, and employed there at one time six or eight assistants, to make a catalogue of the goods previous to the auction sale, which, it is to be inferred, was also held there on August 22, when the defendant removed from the premises. He thus had their use for the full term stipulated, which was until the goods could be disposed of or worked up. The plaintiff repeatedly demanded rent of the defendant, both while he was occupying the factory and subsequently, and the defendant never disputed his liability to pay, and admitted that he ought to pay something, and that he expected to pay when he continued in possession, but contended that the plaintiff's charge was excessive. He disputed the amount but not the existence of the liability. Upon this evidence it is apparent that the plaintiff was never disseized, and that he could not have pursued the defendant as a wrongdoer. The silence of the parties upon the subject of compensation at the time the permission to occupy was given, does not necessarily preclude a recovery by the plaintiff. It is the settled law of the state that an agreement to pay for the use of real property, where leave to enter upon and enjoy it is given, may be implied, and it is for this class of cases that the statute we have referred to was enacted. (*Osgood* v. *Dewey*, 13 J. R. 240; *Coit* v. *Planer*, 4 Abb. [N. S.] 140; *Despard* v. *Walbridge*, 15 N. Y. 374; *Collyer* v. *Collyer*, 113 id. 448.)

At common law an action of assumpsit would not lie for rent, except on an express promise made at the time of the demise, and hence the necessity for the statutory enactment, which was taken from the 11 Geo. 2, ch. 19, § 14. The rule, we think, which controls in cases like the present, is stated by Judge EARL in *Collyer* v. *Collyer*, at page 448: "It is true that the possession and beneficial enjoyment of real property, with the permission of the owner, is ordinarily sufficient to

sustain an action upon an implied agreement for use and occupation. But where the use and occupation of real estate is under such circumstances as to show that there was no expectation of rent by either party, a contract to pay rent will not be implied." In the present case the plaintiff's evidence leads directly to the conclusion that both parties expected that some rent would be paid. The amount only was left to be the subject of future adjustment.

In *Despard* v. *Walbridge*, the plaintiff was the assignee of the landlord's estate, and gave notice to a sub-tenant, whose term then expired, that if he continued in possession he would regard him as a tenant at an annual specified rent, payable quarterly, to which the defendant made no reply, but continued in occupation of the premises, and it was held that this was a virtual assent to the terms prescribed in the notice and was a sufficient foundation for an implied contract. Here the plaintiff twice wrote to the defendant demanding rent, and to one of the communications the defendant made no reply, and to the other he replied with the single objection of the excessiveness of the charge, which might be regarded as a recognition by him of an existing tenancy. The evidence in regard to the correspondence between the parties, and the admissions of the defendant did not appear in this record as they were presented upon the former trial. They were there accompanied by a disclaimer by the defendant of his liability to pay rent, which is not contained in the case under review, and which rebutted the inferences which may now be drawn.

In order to explain the occupation of the premises the defendant seeks to establish the relation of bailor and bailee, and to restrict his liability to a charge for the storage of his property. But we think the evidence is quite as consistent with the existence of a contract of tenancy as of bailment, and that it was the province of the jury to determine what inferences should be drawn from it. We express no opinion in regard to the weight to be given to the evidence. Whether he continued in possession during the term for which rent is claimed, as tenant of the plaintiff, and under circumstances

from which the law would import an agreement to pay for the the use of the property, and, if so, what was the reasonable value of such use, considering the kind and the extent of the defendant's occupation, were questions which, we think, should have been submitted to the jury and left for their determination under proper instructions from the court.

The judgment must be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.