(20 Misc. Rep. 421.)

### THOMPSON v. COX et al.

(City Court of New York, General Term. May 29, 1897.)

USE AND OCCUPATION—PLEADING.

     A complaint for use and occupation is sufficient when it alleges that plaintiff, as tenant of a superior landlord, was in possession of certain premises, and let part thereof to defendant for an agreed rent; that defendant took possession of and occupied other parts of the premises for a certain period; and that the reasonable value of such use and occupation was a stated sum.

Appeal from special term.

Action by Mary E. Thompson against Howard B. Cox and another. There was a judgment in favor of plaintiff, and defendants appeal. Affirmed.

Argued before CONLAN, SCHUCHMAN, and O'DWYER, JJ.

O. Richter, for appellants.

Thomas F. Byrne, for respondent.

SCHUCHMAN, J. This is an appeal from an order overruling a demurrer from the interlocutory judgment, entered thereon, and from the final judgment entered upon the noncompliance with certain terms specified in the order. The complaint sets forth a cause of action for use and occupation of part of a store, fixtures, mirror, and show case. It alleges that the plaintiff, as tenant of the superior landlord, was in the possession of the store and its appurtenances at No. 947 Broadway, and let part thereof to the defendants by a lease in writing, at an agreed rent; that, beyond the parts of the store thus let, the defendants entered and took possession of the following parts and appurtenances of said store and premises during the following period (enumerating both), for use in the business carried on by them, and further alleges the reasonable value of the occupation and use of the premises and fixtures. In short, the complaint shows that plaintiff, owning the whole store, let part of it to the defendants, and, being the owner of the whole, the defendants used and occupied some portion of that. The defendants de-

mur, on the ground that the complaint does not state facts sufficient to constitute a cause of action. The rule of law applicable to the question is "that possession and beneficial enjoyment of real property, with the permission of the owner, is ordinarily sufficient to sustain an action upon an implied. agreement for use and occupation." Preston v. Hawley, 139 N. Y. 296, at page 300, 34 N. E. 906, at page 908. But, where the use and occupation of real estate are under such circumstances as to show that there was no expectation of rent by either party, a contract to pay rent will not be implied. Preston v. Hawley, 139 N. Y. 301, 34 N. E. 906. This fact is, however, a question of proof at the trial, and, if the evidence is then adduced on that point, it becomes a question for the jury to determine. Collyer v. Collyer, 113 N. Y. 442, 21 N. E. 114; Lamb v. Lamb, 146 N. Y. 323, 41 N. E. 26.

The complaint is a good pleading. and order and judgments appealed from are affirmed, with costs of each appeal, with leave to the defendants to answer on payment of all costs up to this time. All concur.