In the Matter of the **PLYWOOD COMPANY OF PENNSYLVANIA.**

**No. 29933.**

United States District Court
E. D. Pennsylvania.
July 18, 1969.

Davis & Davis, Philadelphia, Pa., for appellant.

Adelman & Lavine, Philadelphia, Pa., for receiver.

## OPINION

HANNUM, District Judge.

This is the Debtor's petition seeking review of the Referee's order granting the claim of Cynwyd Investments (a) as a rent priority claim in the amount of $150.00; (b) as an administration expense for use and occupation in the amount of $2,100.00 and (c) as a general unsecured claim in the amount of $2,-250.00.

The Debtor has no objection to parts (a) and (b) of the claim but argues that it should be allowed to set off the security deposit referred to in paragraph 39 of the original lease against that total claim.

The third part of the claim is for rent due on the unexpired term of the lease. The Debtor claims that Cynwyd incurred no damages because it was able to enter into a favorable lease with another tenant on October 28, 1967.

■ In order for these to be set off there must be mutual debts or mutual credits between the estate of the bankrupt and a creditor. 11 U.S.C. Sec. 108 (1938). The use and occupation claim is not based upon the lease, but on the right to collect for the trustee's use and occupation of the premises. This is an administration expense and bears no relation to the lease and set off should not be allowed. In S & W Holding Co. v. Kuriansky, 317 F.2d 666 (2d Cir. 1963) a security deposit was allowed to be set off against the claim for use and occupancy but the court stated that such an allowance would not be allowed when a Lessor has another claim against the Debtor to which the security deposit was applicable. In such an instance to apply the security deposit to the costs of administration would deprive the Lessor of his rights under the lease agreement.

■ The lease agreement between the Debtor and Cynwyd was for a five-year term ending on June 30, 1971 at a rental of $750 per month. The Debtor filed a Chapter XI proceeding on July 6, 1967 and at that time owed rent only for the period from July 1. A receiver was appointed and he remained in possession of the premises until September 30, 1967. On October 28, 1967, Cynwyd rented the premises to another tenant at an increased rental. Before this new tenant could move in extensive alterations were necessary and it was agreed between the parties that rent would begin as of January 1, 1968. Cynwyd in its claim sought damages in lieu of the rental payments from the date the receiver vacated the premises to the date when the new tenant began to pay rent. Paragraph 37 of the lease agreement provides that in a situation such as this one that "in addition to the other rights and remedies" the lessor may have, he "may retain as liquidated damages any rent, security, deposit or moneys received by him from Lessee or others in behalf of Lessee."

It is clearly indicated that the security deposit is to be retained by the lessor as liquidated damages. As such the Lessor is entitled to retain it as against the Debtor.

## ORDER

And now, this 18th day of July, 1969, the order of the Referee in Bankruptcy is affirmed in all parts.