■ NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent, v JOSEPH P. HUBERTY et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered September 17, 1974 in Albany County, which denied a motion to dismiss the complaint. Plaintiff sets forth two causes of action, (1) for rent due under a written lease and, alternatively, (2) for rent due by reason of the use and occupancy of the premises. Plaintiff's grantor and defendants entered into a written lease for premises designated as Room 1220, 112 State Street, Albany, New York, for a term commencing September 1, 1971 and terminating August 31, 1974. On June 26, 1973 plaintiff commenced a summary proceeding in Albany City Court to recover possession of said Room 1220 and for rent due under the lease. The proceeding was dismissed by the Albany City Court on the sole ground that the plaintiff had failed to controvert the allegations of defendants that the premises described in the lease were never prepared for occupancy or delivered into the possession of defendants. This suit is based upon the failure of defendants to pay rent for the use and occupancy of Suite 1120. Defendants contend that the first cause of action, based upon the written lease, must be dismissed because the City Court determination is res judicata. We disagree. As pointed out by Special Term: "It is clear, however, from an examination of the petition and the order in the prior action that the sole issue decided therein was plaintiff's rights in the premises described in Room 1220, not Room 1120." New York courts have uniformly held that "The essence of res judicata is the fact that a court has already been presented with the subject sought to be litigated and has rendered a judicial determination thereon" (Statter v Statter, 2 NY2d 668, 673). In this case there was no determination in Albany City Court concerning the application of a lease to Suite or Room 1120. Plaintiff's second cause of action is founded upon section 220 of the Real Property Law which gives the landlord the

right to "recover a reasonable compensation for the use and occupation of real property, by any person, under an agreement, not made by deed". Plaintiff has alleged ownership in fee of the subject premises, continuous use and occupancy thereof by defendants "as tenants, and with the consent and permission of plaintiff", the value of the reasonable use and occupancy and the refusal to pay this sum upon demand. These allegations are sufficient to state a cause of action under section 220 of the Real Property Law (City of New York v Fink, 130 Misc 620. See, also, Lamb v Lamb, 146 NY 317; Preston v Hawley, 139 NY 296). Order affirmed, with costs. Herlihy, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur.