## In re RIVERSIDE NURSING HOME (A Partnership), Debtor.

### Bankruptcy No. 82 B 20338.

United States Bankruptcy Court, S.D. New York.

Oct. 29, 1984.

---

Serchuk, Wolfe & Zelermyer, White Plains, N.Y., for Citizens Sav. Bank; Benjamin Zelermyer, White Plains, N.Y., of counsel.

Chester B. Salomon, P.C., Zane and Rudofsky, New York City, for debtor; James B. Zane, Frederick A. Polatsek, and David M. Green, New York City, of counsel.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Citizens Savings Bank ("Citizens"), a mortgagee of the debtor's landlord, who also has a right to receive rent from the debtor pursuant to an assignment of rents made by the landlord as additional security for Citizens' loans to the landlord, seeks an order pursuant to 11 U.S.C. § 365(d)(2) fixing a time within which the debtor shall be compelled to assume or reject the lease for its only place of business. The debtor, Riverside Nursing Home ("Riverside"), maintains that Citizens lacks standing to compel Riverside to assume or reject the latter's lease with the landlord. Riverside reasons that while Citizens is a mortgagee and an assignee of the landlord's right to collect rents, Citizens is not a party to the lease between Riverside and its landlord, RHN Realty Corp. ("RHN"), which it argues is required for a party to have standing to make this application.

Citizens alleges that it loaned to the landlord, RHN, the sum of $2,000,000 for the construction of a nursing home on property owned by RHN in Haverstraw, New York. This loan was secured by a Building Loan Mortgage Note given by RHN on December 23, 1971. As additional security, RHN assigned the rents due and to become due under a lease dated May 21, 1971 between RHN as lessor and the debtor, Riverside, as lessee. Thereafter, Citizens advanced an additional $400,000 to RHN secured by another Mortgage Note. RHN similarly assigned to Citizens the right to receive rents from the property as security for the second loan. The agreement between Citizens and RHN provided that in the event of RHN's default on the mortgage payments, Citizens had the right to collect the rent. Citizens further alleges that in 1976 RHN defaulted on the mortgage with the result that Citizens notified the debtor, who was the tenant of RHN, to pay to Citizens the monthly rent under the debtor's lease with RHN. Citizens asserts that the debtor's monthly payments to Citizens have not been sufficient to satisfy the principal and interest payments due under the mortgage.

In April 1977, Citizens brought an action in the New York State Supreme Court, County of Rockland, to foreclose the mortgage given to it by RHN. The foreclosure action named RHN, the debtor, Riverside, and others as defendants. The foreclosure action was pending when Riverside filed with this court on June 3, 1982, its voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. Ther-

eafter, Riverside removed the foreclosure action to this court. Citizens' motion to remand the foreclosure action to the state court was denied by this court without prejudice, pending a determination of Citizens' application with respect to the debtor's lease with RHN.

## DISCUSSION

The issue presented is whether an assignee of rents has standing under 11 U.S.C. § 365(d)(2) to compel a debtor-lessee to assume or reject the lease in question following the mortgagor-lessor's default. The answer hinges on the interpretation of the phrase "any party to such contract or lease," as employed in 11 U.S.C. § 365(d)(2), which reads:

> In a case under chapter 9, 11, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of the debtor at any time before the confirmation of a plan, but the court, on request of *any party to such contract or lease*, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease. (Emphasis added).

There is no question that Citizens' pre-petition right to collect rent from the debtor following the lessor-mortgagee's default gives Citizens the status of a creditor who has a claim against the debtor that arose before the order for relief, as described in the definition of the term "creditor" in 11 U.S.C. § 101(9). Furthermore, a creditor is viewed in 11 U.S.C. § 1109(b) as a "party in interest" who may appear and be heard on any issue in a case. If Citizens were merely a mortgagee of the debtor's lessor, without any right to collect rent from the debtor, Citizens would not be regarded as a creditor of the debtor and could not be viewed as a "party in interest"

within the meaning of 11 U.S.C. § 1109(b). *See In re Comcoach Corp.*, 698 F.2d 571, 574 (2d Cir.1983). However, RHN's mortgage default, which triggered Citizens' right to collect rent from the debtor, paved the way for the emergence of a debtor-creditor relationship between Citizens and Riverside. Nevertheless, it does not suffice to be regarded as a party in interest for the purpose of invoking 11 U.S.C. § 365(d)(2) because the statutory language does not say that any creditor or party in interest who may appear and be heard on any issues in a Chapter 11 case may compel a debtor to assume or reject a lease. Only "a party to such contract or lease" has standing to seek such relief.

Under the former Bankruptcy Act of 1898, as amended, a comparable provision for rejecting executory contracts and leases was found in Section 313(1)[1] and Rule 11–53,[2] neither of which specified who may apply for the order, so that Collier on Bankruptcy conjectured that

> it seems that the application thereunder may be made by any party in interest, which includes the debtor, receiver, trustee, the official committee of creditors, and any creditor, as well as the other party to the contract.

8 Collier on Bankruptcy ¶ 3.15, at 213 (14th ed. J. Moore 1978) (footnotes omitted). In *In re Cheney Bros.*, 12 F.Supp. 605, 608 (D.Conn.1935), the court said:

> The exercise of such power is not necessarily predicated on a petition of the debtor or trustee. Any party in interest may invoke it.

In adopting 11 U.S.C. § 365(d)(2), Congress expressly rejected the concept that any party in interest may compel a debtor to assume or reject an executory contract or a lease. In a sense, a special

---

**1.** Sec. 313. Upon the filing of a petition, the court may, in addition to the jurisdiction, powers, and duties hereinabove and elsewhere in this chapter conferred and imposed upon it—

(1) permit the rejection of executory contracts of the debtor, upon notice to the parties to such contracts and to such other parties in interest as the court may designate.

**2.** Former Bankruptcy Rule 11–53 provided as follows:

When a motion is made for the rejection of an executory contract, including an unexpired lease, other than as part of the plan, the court shall set a hearing on notice to the parties to the contract and to such other persons as the court may direct.

relationship of contract or estate is required; only the other party to the lease or contract has standing to request the court to fix the time for its assumption or rejection. The legislative history reveals this intention in the following language:

> In a rehabilitation case, the time limit is not fixed in the bill. However, if the other party to the contract or lease requests the court to fix a time, the court may specify a time within which the trustee must act. This provision will prevent parties in contractual *or lease relationships* with the debtor from being left in doubt concerning their status vis-a-vis the estate.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 348 (1977); S.Rep. 989, 95th Cong., 2d Sess. 59 (1978), *reprinted in* 1978 U.S. Code Cong. & Ad. News 5787, 5845, 6304 (emphasis added).

Citizens maintains that the assignment of rents to Citizens, coupled with the default by the lessor, RHN, creates an economic relationship sufficient to afford Citizens standing to move to compel assumption or rejection of the lease under 11 U.S.C. § 365(d)(2). Indeed, Citizens argues with some conviction, that it is not only a proper party to seek such relief, but that, in fact, it is the only real party in interest who may invoke 11 U.S.C. § 365(d)(2). After all, the interest of the assignor, RHN, in the rents owed by the debtor terminated when RHN defaulted on the indebtedness that the assignment secured, with the result that Citizens is the only real party in interest who may collect the rent from the debtor. *See Beneficial Commercial Corporation v. Railserv Management Corporation*, 563 F.Supp. 114 (E.D.Pa.1983) (assignment of rights in repurchase agreement establishes assignee, not assignor, as real party in interest), *aff'd*, 729 F.2d 1445 (3d Cir.1984) (mem.). This argument elides the fact that the statutory language in 11 U.S.C. § 365(d)(2) does not specify that a party in interest, or, for that matter, a creditor with an economic relationship to a debtor's unexpired lease, may compel the debtor to assume or reject it. Only a "party to such ... lease" possesses the requisite standing.

■ The assignment of rent to accrue does not constitute an assignment of the lease or the transfer of the lessor's reversionary interest as an incident. *United States v. Shafto*, 246 F.2d 338, 341–42 (4th Cir.1957); *see also Morehouse v. Woodruff*, 218 N.Y. 494, 502–03, 113 N.E. 512, 515 (1916) (assignment of rents does not carry with it covenants of burden). Such an assignment merely creates a privity of estate between the assignee and the lessee, so that the assignee may maintain a suit in its own name for the rent which becomes payable while such privity of estate exists. *Moffatt v. Smith*, 4 N.Y. 126, 128 (1850). Meanwhile, as assignee of rent, Citizens is not required to perform any of the landlord's obligations under the lease and may not exercise any of the rights of the landlord, such as removing the debtor from possession for nonpayment of rents. This is so because an assignment of future rents does not create a landlord-tenant relationship and therefore the assignee cannot institute a summary proceeding to remove the tenant. *Poughkeepsie Savings Bank v. R & G Sloane Manufacturing Company*, 84 A.D.2d 212, 215, 445 N.Y.S.2d 560, 563 (2nd Dep't 1981) (per curiam). Indeed, when Citizens attempted to evict the debtor for nonpayment of rent, the County Court of Rockland County ruled on June 1, 1978 that Citizens was "not the true party in title or interest. The petition must be brought in the owner's name ...." Hence, the only party with a lease relationship to the debtor is its landlord. RHN continues to possess the incidents of ownership of the property leased to the debtor except the right to collect the rent. Not having received an assignment of the lease, Citizens may not be regarded as a "party to such ... lease."

Although Citizens' limited right to collect rent under the lease in question does not give Citizens the right to invoke 11 U.S.C. § 365(d)(2) as a "party to such lease," Citizens is not without remedy. It may continue to collect rent from the debtor in reduc-

tion of its primary claim against the assignor, RHN, and it may seek to continue its mortgage foreclosure action against RHN, a non-debtor third party. Towards that end, Citizens' notice of motion also states that it seeks an order pursuant to 11 U.S.C. § 362(d)(1) modifying the automatic stay under 11 U.S.C. § 362 so as to permit Citizens to prosecute the foreclosure action previously removed to this court.

In light of the foregoing, Citizens' motion to compel the debtor to assume the lease in question is denied because Citizens lacks standing to invoke 11 U.S.C. § 365(d)(2), but its request for relief from the automatic stay will be scheduled promptly for a hearing.

SETTLE ORDER on notice.