**In re DIXIE FUELS, INC., Debtor.**

**Bankruptcy No. BK84-3086.**

United States Bankruptcy Court,
N.D. Alabama, W.D.

July 11, 1985.

John Whittington and John Hartman, Birmingham, Ala., for debtor-in-possession.

Alan D. Levine, Birmingham, Ala., for Federal American Partners.

### MEMORANDUM OF DECISION

GEORGE S. WRIGHT, Bankruptcy Judge.

This matter came before the Court on an APPLICATION FOR PAYMENT OF ADMINISTRATIVE RENT filed by Federal-American Partners (hereinafter called "FAP"). After notice and hearing, the Court makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### FINDINGS OF FACT

On April 1, 1982 FAP entered into an agreement with Dixie Fuels, Inc. (hereinafter called "Dixie") for the lease of five Caterpillar Model 769L Dump Hauler Trucks. On June 12, 1984, Dixie filed its Chapter 11 petition. Since the date of the filing of its Chapter 11 petition, the debtor did not use or operate the five rock trucks.

On October 11, 1984, FAP filed a MOTION FOR ORDER COMPELLING DEBTOR IN POSSESSION TO ASSUME OR REJECT LEASE. The Court granted this motion on October 24, 1984 giving the debtor ten days to assume or reject the lease which would be deemed rejected upon fail-

ure to assume within the ten day period. The debtor in possession did not assume the lease.

### CONCLUSIONS OF LAW AND APPLICATION TO FACTS

 Section 503 of the Bankruptcy Code provides in pertinent part:

**Section 503 Allowance of administrative expenses.**

. . . .

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate. . . .

11 U.S.C. Section 503(b)(1)(A) (1978). The recent 11th Circuit opinion of *In re Airlift Int'l, Inc.*, 761 F.2d 1503 (11th Cir.1985) is dispositive, which held:

Our review indicates there are three general situations involving executory contracts or unexpired leases where the effect of a breach by the debtor or trustee must be considered: (1) where the trustee elects not to assume an ongoing executory contract or unexpired lease and rejects it, (2) where the trustee assumes an ongoing executory contract or unexpired lease prior to confirmation of the plan, and (3) where the trustee during reorganization proceedings enters into a new executory contract.

In the first instance where the contract is not assumed prior to confirmation, the breach of the executory contract or unexpired lease is deemed to have occurred pre-petition, giving rise to a pre-petition claim under section 502(g), but not an administrative expense under section 503(b).

See also *In re Rhymes, Inc.*, 14 B.R. 807, 8 B.C.D. 636, 5 C.B.C.2d 478 (Bkrtcy.D.Conn. 1981); (Cited with approval in *In re Airlift Int'l, Inc.*, supra. 2 *Collier on Bankruptcy* 365.03[2] (15th Ed.1979)). The Court may authorize a figure different from that reserved in the lease based upon evidence of the *actual* use by the debtor. *Id.* (citing *In re Peninsula Gunite, Inc.*, 24 B.R. 593

(B.A.P. 9th Cir.1982)). Claims under 11 U.S.C. Section 503(b)(1)(A) (1978) are judged by the actual value received by the estate. *In re Rhymes, Inc.*, 14 B.R. 807, 808, 8 B.C.D. 636, 637, 5 C.B.C.2d 478, 480 (Bkrtcy.D.Conn.1981). The liability for actual use and occupancy is based upon the equitable principle of preventing unjust enrichment, rather than compensation of the creditor for loss to him. *Id.*

 Applying these conclusions of law to the instant matter, the Court determines that the APPLICATION FOR PAYMENT OF ADMINISTRATIVE RENT filed by FAP is due to be denied. Because Dixie made no use of the five rock trucks prior to rejecting the leases, the Court determines that the trucks were of no benefit to the estate. Therefore, the payments due the lessor under the lease were not "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. Section 503(b)(1)(A) (1978); *cf. In re Rhymes, Inc.*, 14 B.R. 807, 8 B.C.D. 636, 5 C.B.C.2d 478 (Bkrtcy.D. Conn.1981) (no benefit from unused rental space). A separate order will be entered consistent with this Memorandum of Decision.