■ JUAN MENDOZA et al., Respondents, v JULIAN RODRIGUEZ, Appellant, et al., Defendant.—In an action for specific performance of a contract of sale of real property, the defendant Julian Rodriguez appeals from (1) a judgment of the Supreme Court, Queens County (Leviss, J.), entered August 2,

1985, which, after a nonjury trial, *inter alia,* granted the plaintiffs specific performance and dismissed the defendants' counterclaim for rents and profits and (2) an order of the same court, entered September 12, 1985, which restrained the defendants from taking any action with regard to said real property.

Ordered that the judgment and the order are affirmed, with costs, for reasons stated by Justice Leviss at Special Term.

We would add, however, two points. Firstly, under the facts and circumstances of this case, the plaintiffs did not act in such manner, nor were the defendants prejudiced, so that specific performance is barred by laches *(see, Robbins v Clock,* 203 NY 603, *affg* 131 App Div 917, *affg* 59 Misc 289; 5 Warren's Weed, New York Real Property, Specific Performance, § 7.09).

Secondly, the defendants' counterclaim for rents and profits was properly dismissed, since "[i]t is well settled that the legal owner of real property is not entitled to an award for use and occupancy from a contract vendee in possession unless there also exists a landlord-tenant relationship between the parties" *(Barbarita v Shilling,* 111 AD2d 200, 201; *see, 14 Second Ave. Realty Corp. v Steven Corp.,* 16 AD2d 751, *affd* 12 NY2d 919), and no landlord-tenant relationship existed between the parties herein. Mollen, P. J., Thompson, Brown and Niehoff, JJ., concur.