**In re Booker T. JONES, Jr. Debtor.**

**Bankruptcy No. 1–88–02219.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

April 21, 1989.

Charlon K. Dewberry, Timothy C. Hamman, Lima, Ohio, for debtor.

Anthony B. DiSalle, Toledo, Ohio, Trustee.

Mary K. Gilligan, Cincinnati, Ohio, for Bank.

### OPINION AND ORDER SUSTAINING OBJECTION TO CONFIRMATION

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the court upon Federal National Mortgage Association's objection to confirmation of chapter 13 plan. Upon consideration thereof, the court finds

that said objection is well taken and should be sustained.

## FACTS

The pertinent facts are undisputed and the parties have presented this matter to the court upon the record including briefs in support of their positions.

On August 21, 1964, Gilbert Dale Campbell and Patricia A. Campbell (hereinafter the Campbells) executed a mortgage note to First Toledo Mortgage Company secured by a mortgage on certain real estate. This note was subsequently assigned to Federal National Mortgage Association (hereinafter the Bank). Debtor, on January 30, 1976, entered into a land installment contract, which was duly recorded, with the Campbells for the purchase of the real estate previously mortgaged by the Campbells to the Bank. As a result of a default in the payments, a foreclosure action was initiated by the Bank against Debtor and the Campbells. After a judgment was rendered in favor of the Bank, a sheriff's sale of the real estate was scheduled for September 28, 1988.

On September 27, 1988, Debtor filed his voluntary petition under chapter 13 of title 11, listing the Bank as a creditor holding a secured debt. Chapter 13 Statement at 6 (September 27, 1988). Debtor's petition also reflects that the Campbells are the "primary Debtors" to the Bank. *Id.* at 7. Accompanying Debtor's petition is his Chapter 13 Plan proposing to assume the land contract with the Campbells, to assume the mortgage with the Bank and to pay the Bank $100.00 per month until the claim is paid in full. Chapter 13 Plan at 1. The Bank objected to confirmation of Debtor's Chapter 13 plan for the reasons that Debtor did not assume the Campbells' note and mortgage in favor of the bank, that no payments on the account have been made since April, 1987, and that the Bank has no claim against the Debtor and therefore Debtor has no debt owing the Bank as those terms are defined in the Bankruptcy Code. Debtor contends that he has a right to cure a default in his Chapter 13 Plan, that his proposed Chapter 13 Plan will not modify the Bank's rights and that a Debtor-creditor relationship does exist between Debtor and the Bank.

## DISCUSSION

Central to the issue of resolving the Bank's objection to confirmation of Debtor's Chapter 13 Plan is determination of liability on the Campbell's mortgage to the Bank. According to the parties, the mortgage was assumable; however, no agreement providing for the assumption exists. *See* 69 O.Jur.3d *Mortgages* §§ 532, 539 (1986) (assumption of a mortgage may not be implied; it must be by an express agreement and clearly import that the grantee assumes the payment of the obligation). Furthermore, the Bank states that Debtor is unable to meet the conditions required by the Bank before assumption of the Campbells' mortgage is possible. Affidavit in Support of Objection to Confirmation of Plan at 1–2 (March 31, 1989). Thus, it is evident that no assumption of the mortgage has been accomplished; Debtor may not, then, cure the default under the mortgage in its Chapter 13 Plan.

Furthermore, "[t]he whole Chapter [13] presupposes a debtor-creditor relationship." *In re Kelly*, 67 B.R. 508, 513 (Bkrtcy.S.D. Miss.1986). Because Debtor is not liable on the mortgage, there exists no debt owing to the Bank; the Bank has no claim against Debtor; and there exists no creditor-debtor relationship. *See* 11 U.S.C. § 101(4), (9) and (11). *See also In re Green*, 42 B.R. 308 (Bkrtcy.D.N.H.1984) (mortgagee did not consent to transfer of real estate by mortgagor to Debtor; therefore, there is not now and never has been any debtor-creditor relationship between Debtor and mortgagee). Because there is no Debtor-creditor relationship, Debtor's Plan may not provide for the curing of a default; the Bank's objection is well taken and should be sustained.

Debtor cites *In re Everhart*, 87 B.R. 35 (Bkrtcy.N.D.Ohio 1988), in support of his position. In *Everhart*, Debtor's parents quit-claimed certain mortgaged real estate to Debtor. *Id.* at 36. Debtor was not a party to the mortgage. *Id.* Although the

court found that no Debtor-creditor relationship existed between Debtor and the mortgagee, the court confirmed, over the mortgagee's objection, Debtor's Chapter 13 Plan providing payment to the mortgagee for equitable reasons including that the mortgagee "issued payment coupon books in the name of the Debtor from whom they received payments over an extensive period of time" and that the mortgagee had knowledge of the unauthorized conveyance. *Id.* at 37.

In the instant situation, no payments have been made by Debtor to the Bank. *See* Chapter 13 Statement at 7; Affidavit in Support of Objection to Confirmation of Plan at 1–2. Not only is it evident that no equitable considerations, such as those presented in *Everhart* are present, but it is also clear that no Debtor-creditor relationship has been established, either expressly or through implication, between Debtor and the Bank. *See* Affidavit in Support at 1 (only parties the Bank acknowledges as Debtors on said account are the Campbells); Chapter 13 Statement at 7 (Debtor owes the Campbells who in turn are to pay the Bank). Furthermore, Debtor has made no post-petition payments on the account. Affidavit in Support at 2; Chapter 13 Statement at 7. Thus, Debtor's conduct evidences no attempt to assume the mortgage and the Bank has not consented to assumption of the Campbells' mortgage.

Debtor also cites *In·re Riverside Nursing Home*, 43 B.R. 682, 11 C.B.C.2d 502 (Bkrtcy.S.D.N.Y.1984) in support of his assertion that there exists a Debtor-creditor relationship between the parties. That case, too, is distinguishable from the instant situation as that court stated:

> [t]here is no question that [the Bank's] pre-petition right to collect rent from the debtor following the lessor-mortgagee's default gives [the Bank] the status of a creditor who has a claim against the debtor that arose before the order for relief, as described in the definition of the term "creditor" in 11 U.S.C. § 101(9).... If [the Bank] were merely a mortgagee of the debtor's lessor, without any right to collect rent from the

debtor, [the Bank] would not be regarded as a creditor....

*Riverside*, 43 B.R. at 68. In *Riverside Nursing Home*, the parties previously agreed that the Bank had the right, pursuant to an assignment, to collect monies from Debtor upon default by the mortgagor. In the instant case, no assignment or agreement has been entered into by the parties. *Riverside Nursing Home* is, then, inapplicable.

Because the court finds that no Debtor-creditor relationship exists, the Bank's objection to confirmation of Debtor's Chapter 13 Plan is well taken. It is therefore

ORDERED that Debtor's plan may not be confirmed. It is further

ORDERED that Debtor be granted ten days from the date of this order to convert his case to a case under chapter 7; otherwise, it shall be dismissed.