**In the Matter of RIVERSIDE NURSING HOME (a partnership), Debtor.**

**Bankruptcy No. 82 B 20338.**

United States Bankruptcy Court, S.D. New York.

June 1, 1989.

Erwin R. Goldman, New York City, trustee.

Salomon Green & Ostrow, P.C., New York City, for debtor in possession.

Jeffrey L. Sapir, Hartsdale, N.Y., for Creditors' Committee.

Serchuk Wolfe & Zelermyer, White Plains, N.Y., for Rednel Tower, Ltd.

DECISION ON MOTION FOR AN ORDER RECOGNIZING AND APPROVING ADMINISTRATIVE CLAIM OF TRUSTEE OF R.H.N. REALTY CORP.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtor in possession in this Chapter 11 case, Riverside Nursing Home ("Riverside"), objects to a motion made by the trustee in bankruptcy of R.H.N. Realty Corp. ("RHN") for an order approving the trustee's administrative claim for use and occupancy.

In 1971, RHN acquired title to premises known as Riverside Nursing Home in Haverstraw, New York. RHN held nominal legal title in the property for the benefit of the partnership that operated the Riverside Nursing Home. RHN obtained a loan for the construction of the nursing home from Citizens Savings Bank F.S.B. ("the bank") in the sum of $2,400,000, for which the

bank took back a mortgage on the property to secure the loan. RHN defaulted on its mortgage obligations to the bank, with the result that the bank commenced a mortgage foreclosure action against RHN and others in the New York Supreme Court, Rockland County, in 1977.

On April 25, 1985, the bank filed with this court an involuntary petition for relief against RHN under Chapter 7 of the Bankruptcy Code. An order for relief was thereafter entered and a trustee in bankruptcy for RHN was appointed. On September 23, 1985, pursuant to a notice and hearing, this court modified the automatic stay in accordance with 11 U.S.C. § 362(d) so that the bank could proceed with its mortgage foreclosure action. On November 26, 1985, a judgment of foreclosure was entered in the state court in favor of the bank. Thereafter, the bank assigned its judgment to Rednel Tower, Ltd. ("Rednel"). Rednel then filed an amended proof of claim in the amount of the deficiency judgment.

As additional security for the bank's mortgage loan to RHN for the construction of the Riverside Nursing Home, RHN assigned to the bank on December 23, 1971, the rents due and to become due from the partnership which operated the Riverside Nursing Home after a default in RHN's performance under the mortgage note. When RHN defaulted on its mortgage obligations to the bank, notice of such default was given by the bank to the Riverside Nursing Home partnership, with the result that Riverside Nursing Home made rental payments directly to the bank pursuant to the assignment of rent. Thus, when the bank filed its involuntary Chapter 7 petition against RHN on April 23, 1985, RHN was not then entitled to collect any rent from Riverside Nursing Home, whereas the bank was entitled to, and did, collect the rent from the premises for a time until Riverside Nursing Home discontinued rent payments.

The debtor, Riverside Nursing Home, is a partnership located in Haverstraw, New York, which operates the nursing home on the premises formerly owned by RHN before the bank foreclosed on the property. On June 3, 1982, Riverside Nursing Home filed with this court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. It continued to operate its business as a debtor in possession in accordance with 11 U.S.C. § 1108.

In his motion for the allowance of an administrative claim, the trustee in bankruptcy for RHN alleges that Riverside Nursing Home made no payments for rent, or use and occupancy, since September, 1984. Accordingly, the RHN trustee requests use and occupancy from the debtor for the period from September 1, 1984 until April 15, 1986, when RHN was divested of ownership of the property pursuant to the state court judgment of foreclosure obtained by the bank.

## DISCUSSION

The issue for consideration is whether or not a trustee in bankruptcy for a Chapter 7 landlord, who previously assigned its right to collect rent for the leased premises to a mortgagee upon the landlord's default under the mortgage, is entitled to collect for use and occupancy of the premises from a tenant who discontinued rent payments to the mortgagee and then filed a Chapter 11 petition and continued to occupy the premises as a debtor in possession.

The mortgagee's right to collect rent from Riverside Nursing Home, as a Chapter 11 debtor in possession, is not disputed. It is settled law in New York that an assignee of future rents who has done nothing to perfect its right will not prevail over an execution creditor or a trustee in bankruptcy. *Sullivan v. Rosson*, 223 N.Y. 217, 119 N.E. 405 (1918). The Second Circuit in *In re Brose*, 254 F. 664 (2d Cir.1918) held that as a result of *Sullivan v. Rosson, supra*, an assignment of rents clause in a mortgage operates merely as a pledge of the rents to which the pledgee does not become entitled until it asserts its rights. *Accord, In re Hines*, 88 F.2d 423 (2d Cir. 1937); *In re Humeston*, 83 F.2d 187 (2d Cir.1935); *Prudential Insurance Co. of America v. Liberadore Holding Corp.*, 74 F.2d 50 (2d Cir.1934); *In re Berdick*, 56

F.2d 288 (2d Cir.1931). This principle is in line with the general rule applicable to assignments of rent to mortgagees.

> The general rule is that the mortgagee is not entitled to the rents and profits of the mortgaged premises until he takes actual possession, or until possession is taken, in his behalf, by a receiver ... or until, in proper form, he demands and is refused possession.

*Freedman's Savings Co. v. Shepherd*, 127 U.S. 494, 502, 8 S.Ct. 1250, 1254, 32 L.Ed. 163 (1888). Thus, when state law requires a mortgagee to take affirmative steps to perfect its rights, a federal court will look to state law in ascertaining the mortgagee's rights to the assigned rents. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). In the instant case, the mortgagee bank did not take actual possession of the premises, but it did demand and receive rent payments from Riverside Nursing Home pursuant to the default clause in the agreement with RHN, the mortgagor. This affirmative action was consented to by the landlord, RHN, which cannot now disavow the mortgagee's right to collect rent from Riverside Nursing Home, especially after the mortgagee bank first commenced a foreclosure action in 1977 and ultimately obtained a judgment of foreclosure and divested RHN of title to the premises in question on April 15, 1986.

The fact that Riverside Nursing Home did not pay rent to the mortgagee bank, or its successor, Rednel, from October 1, 1984 to April 15, 1986, when RHN was divested of title to the premises, is of no concern to the trustee in bankruptcy of RHN. This court has already held that the trustee in bankruptcy of RHN has no standing to assert claims against others for the benefit of the mortgagee bank and its successor, Rednel. *In re R.H.N. Realty Corp.*, 84 B.R. 356, 361 (Bankr.S.D.N.Y.1988).

■ Having assigned its right to the mortgagee bank to collect rent from the tenant upon a default in the mortgage, RHN as mortgagor, was no longer entitled to collect such rent after the mortgagee bank gave notice of default and proceeded to collect rent from Riverside Nursing Home. Hence, the trustee in bankruptcy of RHN is bound by the agreement entered into between RHN and the mortgagee. *See, In re Bettis*, 97 B.R. 344 (Bankr.W.D. Texas 1984). Accordingly, the trustee in bankruptcy for RHN asserts an administrative claim against Riverside Nursing Home for use and occupancy in the belief that despite RHN's assignment of rent to the mortgagee bank, RHN continued to retain a residual claim for use and occupancy of the premises until RHN was divested of title in the mortgagee's foreclosure action.

The mortgagee bank's right to collect the assigned rent from Riverside Nursing Home, which was triggered by RHN's default under its mortgage, was perfected when the bank notified and collected rent from Riverside Nursing Home with RHN's consent. Thereafter, RHN had no residual equitable interest which would support its claim for use and occupancy.

> Certainly, such action on the part of the owner implies its agreement and consent to the arrangement and indicates its intention to permit the mortgagee to enter into possession of the premises. Clearly, under the facts here presented, the pledges of rents as further security and given under the terms of the several assignments were, by the actions of the parties, made effective and reduced to the possession of the respective mortgagees *so as to divest the owners of the equity of title thereto.*

(Emphasis added). *Kelley Bros. v. Primex Equities Corp.*, 46 Misc.2d 255, 259 N.Y. S.2d 594, 598 (Sup.Ct.1965).

■ Before a recovery can be had for use and occupancy of real estate, it must be made clear that the conventional relationship of landlord and tenant continued to exist between the parties. Such a relationship does not exist when there was no expectation of rent by either party. *Preston v. Hawley*, 139 N.Y. 296, 34 N.E. 906 (1893); *Mendoza v. Rodriguez*, 127 A.D.2d 635, 511 N.Y.S.2d 660 (App.Div.2d Dep't 1987) (it is well settled that the legal owner of real property is not entitled to an award for use and occupancy unless there also exists a landlord-tenant relationship be-

tween the parties). After the assignment and collection of rent by the mortgagee bank, RHN was barred from taking any action which would interfere with or impair the value of the assignment. *Poughkeepsie Savings Bank v. R & G Sloane Manufacturing Company, Inc.*, 84 A.D.2d 212, 445 N.Y.S.2d 560 (App.Div.2d Dep't 1981). Manifestly, Riverside Nursing Home was not simultaneously liable to the mortgagee bank for rent and to RHN for use and occupancy. The mortgagee bank's right to collect the rent assigned to it by RHN barred the latter from interfering with such assignment by asserting a right to use and occupancy for the same period covered by the assignment and at a time when the conventional relationship of landlord and tenant ceased to exist between RHN and Riverside Nursing Home. Therefore, the trustee in bankruptcy, standing in the shoes of RHN, has no administrative claim for use and occupancy for the period from September, 1984 until April 15, 1986 when RHN was divested of title to the property in question as a result of the state court foreclosure sale.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2. RHN's mortgage default triggered the mortgagee bank's right to collect rent from Riverside Nursing Home in accordance with RHN's assignment of rent, dated December 23, 1971. The mortgagee bank's collection of rent from Riverside Nursing Home with RHN's consent pursuant to the rent assignment terminated the conventional relationship of landlord and tenant between RHN and Riverside Nursing Home, thereby barring RHN from asserting any claim for use and occupancy against Riverside Nursing Home for any period thereafter.

3. The trustee in bankruptcy of RHN is bound by RHN's previous assignment of rent to the mortgagee bank and therefore has no claim for use and occupancy from the Chapter 11 debtor, Riverside Nursing Home, for the period from September 1984 until April 15, 1986.

4. The RHN trustee's motion for an order approving his administrative claim against Riverside Nursing Home for use and occupancy is denied.

SETTLE ORDER on notice.