**In re RIVERSIDE NURSING HOME (a Partnership), Debtor.**

**Bankruptcy No. 82 B 20338.**

United States Bankruptcy Court, S.D. New York.

June 26, 1989.

Erwin R. Goldman, New York City, Trustee.

Zane and Rudofsky, New York City, for debtor.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Trustee in bankruptcy of R.H.N. Realty Corp. ("RHN") has filed a motion for reargument seeking the allowance of an administrative claim for use and occupancy against the debtor in possession in this Chapter 11 case, Riverside Nursing Home (the "debtor"). This administrative claim is sought by the trustee for RHN based upon a lease which existed between RHN, as lessor, and the debtor, as lessee. Pursuant to the 1974 Consolidation and Extension Agreement and a separate broad-form Assignment of the Lease, Rents and Benefits, executed by R.H.N. and Citizens Savings Bank (the "bank"), the bank received an assignment of the rents from this lease when RHN defaulted on its mortgage obligations in or about 1976. *In the Matter of Riverside Nursing Home*, 100 B.R. 683 (Bankr.S.D.N.Y.1989). Notice of RHN's default was given by the bank to the Riverside Nursing Home partnership, with the result that the debtor made rental payments directly to the bank pursuant to the assignment of rent. Subsequently, the debtor paid its rent under the lease directly to Citizens Savings Bank until sometime in 1982, when the debtor filed its Chapter 11 petition.

In April 1985, the bank filed with this court an involuntary petition for relief against RHN under Chapter 7 of the Bankruptcy Code. An order for relief was entered and a trustee in bankruptcy for RHN was appointed. Pursuant to notice and hearing, this court modified the automatic stay and in November of 1985, a judgment of foreclosure was entered in the state court in favor of the bank.

On June 1, 1989 this court denied the motion for an order recognizing and approving the administrative claim of the trustee of RHN. This court held that RHN's mortgage default triggered the mortgagee bank's right to collect rent from the debtor in accordance with RHN's assignment of rent, dated December 23, 1971, the 1974 Consolidation and Extension Agreement and the Assignments of Leases, Rents and Benefits. This court determined that the mortgagee bank's collection of rent from the debtor, with RHN's consent pursuant to the rent assignment, terminated the conventional relationship of landlord and tenant between RHN and the debtor, thereby barring RHN from asserting any

claim for use and occupancy against the debtor for any period thereafter. It was concluded that the trustee in bankruptcy of RHN is bound by RHN's previous assignment of rent to the mortgagee bank and therefore has no claim for use and occupancy from this debtor for the period from September 1984 until April 15, 1986.

## DISCUSSION

The RHN trustee seeks reargument of his motion for allowance of an administrative claim arguing that the debtor's obligation to pay use and occupancy is separate and distinct from the obligation to pay rent under a lease and, under the law of this case, RHN retained the incidents of ownership until it was divested of record title. The trustee argues that the equitable right of a property owner to recover priority payments for a debtor's use and occupancy of the owner's property arose in order to prevent the debtor's estate from being unjustly enriched, citing *American Anthracite & Bituminous Coal Corp. v. Leonardo Arrivabene, S.A.,* 280 F.2d 119, 126 (2d Cir.1960); *In re Midland Capital Corp.,* 82 B.R. 233, 239 (Bankr.S.D.N.Y. 1988); *In re Dixie Fuels, Inc.,* 52 B.R. 26, 27 (N.D.Ala.1985). The trustee asserts that it is well-settled that such an allowance for post-petition use and occupancy has absolutely no relation to the lease for the property between the debtor and the landlord, citing *S & W Holding Co. v. Kuriansky,* 317 F.2d 666 (2d Cir.1963); *Cherno v. Engine Air Service, Inc.,* 330 F.2d 191, 193 (2d Cir.1964); *In re Plywood Company of Pennsylvania,* 304 F.Supp. 219, 220 (E.D.Pa.1969) *aff'd in relevant part,* 425 F.2d 151 (3rd Cir.1970); *In re T.R. Axton, Sr. Corporation d/b/a/ Hollandease Restaurant,* 641 F.2d 1262, 1273 (9th Cir.1981).

■ The findings of this court in its previous decision are not counter to the findings in these cases. An allowance for use and occupancy by the trustee or debtor in possession is an expense of administration and does not arise out of the lease and has no relation to it. However, this allowance only relates to the amount of rent owed and the nature of the payment. The right to an administration expense does not confer the right to seek use and occupancy upon individuals who do not possess the right to receive rent.

■ These arguments asserted by the trustee are of course predicated on RHN's right to seek use and occupancy pursuant to the lease. The trustee argues that RHN retained the incidents of ownership until it was divested of record title in November of 1985, when the bank foreclosed on the mortgage. He asserts that this court, in the bank's motion to compel the debtor to assume or reject its lease with RHN, determined that neither the bank nor Rednel Tower (the assignee of the bank's judgment of foreclosure), had an ownership interest in the property until Rednel acquired record title in April 1986. *In re Riverside Nursing Home,* 43 B.R. 682 (Bankr.S.D.N.Y.1984). However, the right to use and occupancy does not relate to incidents of ownership of the property, but to the rights and obligations conferred upon the parties pursuant to the lease, the Consolidation and Extension Agreement and the Assignment of Lease, Rents and Benefits. Paragraph 13 of the Consolidation and Extension Agreement provides in relevant part:

That the party of the second part [RHN] hereby assigns to the party of the first part [the bank] the rents, issues and profits of the premises as further security for the payment of said indebtedness, and the party of the second part grants to the party of the first part the right to enter upon the premises for the purpose of collecting the same and to let the premises or any part thereof, and to apply the rents, issues and profits, after payment of all necessary charges and expenses on account of said indebtedness. This assignment and grant shall continue in effect until said mortgage is paid ... [I]n the event of any default under said mortgage [RHN] will pay monthly in advance to the party of the first part, [the bank], or to any receiver appointed to collect said rents, issues and profits, the fair and reasonable rental value for the use and occupation of said

premises or such part thereof as may be in the possession of the party of the second part, and upon default in any such payment will vacate and surrender the possession of said premises to the party of the first part or to such receiver, and in default thereof may be evicted by summary.

The Assignment of Lease, Rents and Benefits provides in relevant part:

FIRST: [RHN] does hereby bargain, sell, transfer, assign and set over unto the [bank], its successors and assigns, the rents due and to become due under the terms of the aforementioned lease, as amended, provided, however, that unless and until [RHN] make[s] default in performing any of the terms and conditions contained in the aforementioned consolidation and extension agreement and the [bank] shall give notice of such default, [ ] [RHN] shall have a full right to receive said monthly installments of rent, including any overage rent and any other benefits, to its own use as the same accrue, and by acceptance of this assignments, the [bank] indicates its agreement to this[ ], to make payment of said monthly installments of rent, et cetera, to [RHN] unless and until such default may occur and the [bank] give[s] notice thereof ...

 Although this court determined that neither the bank nor Rednel were required to perform any of the landlord's obligations under the lease, that they may not exercise any of the rights of the landlord and that RHN had continued to possess the incidents of ownership of the property leased to the debtor, it further determined that RHN had also *lost the right to collect rent. In re Riverside Nursing Home,* 43 B.R. 682. As this court held in its prior decision on this motion, before a recovery can be had for use and occupancy of real estate, it must be made clear that the conventional relationship of landlord and tenant continued to exist between the parties. Such a relationship does not exist when there is no expectation of rent by either party. *In the Matter of Riverside Nursing Home,* 100 B.R. 683 (Bankr.S.D.

N.Y.1989) *citing Preston v. Hawley,* 139 N.Y. 296, 34 N.E. 906 (1893); *Mendoza v. Rodriguez,* 127 A.D.2d 635, 511 N.Y.S.2d 660 (App.Div.2d Dep't 1987). After RHN defaulted and the debtor paid rent to the bank, RHN lost its expectation of rent from the debtor. The right to collect use and occupancy from the tenant derives from the right to collect rent, which is but one of the rights of a landlord. This right was assigned to the bank and the landlord is estopped from interfering with, defeating or impairing the value of the assignment. *Poughkeepsie Savings Bank v. R. & G. Sloan Mfg.,* 84 A.D.2d 212, 445 N.Y. S.2d 560, 564 (2d Dep't 1981). RHN's assignments of rents also encompassed the assignment of the cause of action against the tenant upon its default under the lease for failure to pay rent. The assignment of future rent does not create a landlord-tenant relationship and therefore the assignee cannot institute a summary proceeding to remove the tenant; however, the assignee may maintain actions for breach of the covenant to pay rent. *Poughkeepsie Savings Bank v. R. & G. Sloane Mfg.,* 445 N.Y.S.2d 560. To permit the landlord to retain the right to sue for rent or use and occupancy simultaneously with the bank would subject the debtor-tenant to the possibility of two separate lawsuits and judgments. Under the trustee's theory, RHN would be able to sue the debtor for either rent or use and occupancy regardless of whether or not the debtor paid rent to the bank or Rednel. The fact that the debtor failed to pay the bank, and that the bank and Rednel waived their right to past rents, does not resuscitate or restore a cause of action for rent or use and occupancy to RHN by forfeiture of the bank or Rednel.

Because RHN did not retain the right to collect rents, even though it retained rights incidental to ownership, it is not entitled to seek payments of pre-petition or post-petition rents by the debtor. The cases cited by the trustee, in which the court permitted post-petition payment for use and occupancy, are distinguishable and inapplicable in light of the fact that none of these cases dealt with a situation where there was an

assignment of the rents nor did the landlords lose the right to bring an action for rent or use and occupancy.

Finally, the trustee infers from this court's order, dated July 3, 1986, that Rednel was not the owner of the property during the period over which the trustee seeks use and occupancy. Accordingly RHN perceives itself as the owner of the property, entitling it to use and occupancy from the debtor. This order directed that the "debtor pay to Rednel Tower, Ltd., 118 North Tioga Street, Ithaca, New York 14850, the amount of $11,900, plus one-twelfth of the annual real estate taxes, before July 15, 1986, and the same amount thereafter by the first of each month, without prejudice to a further application establishing the reasonable value for the use and occupancy of the said premises".

The trustee's inference is wholly unfounded. This order does not reflect any findings by this court with regard to ownership of the property. Additionally, this order contemplates that Rednel may come before this court again to establish the reasonable value of use and occupancy for the premises. In any event, the ownership interest in the premises is irrelevant with regard to right to receive use and occupancy, insofar as the landlord-tenant relationship and the expectation of receiving rents are the applicable factors, none of which RHN can satisfy.

### CONCLUSIONS

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2. This court grants the trustee's motion for reargument and adheres to its original decision.

3. RHN's default under the mortgage triggered the assignment of rents to the bank. RHN retains neither the expectation of rent nor the right to commence a cause of action against the debtor-tenant upon the debtor's default.

4. The trustee in bankruptcy of RHN is bound by RHN's previous assignment of rent to the mortgagee bank and therefore has no claim for use and occupancy from the Chapter 11 debtor, Riverside Nursing Home, for the period from September 1984 until April 15, 1986.

5. The RHN trustee's reargued motion for an order approving his administrative claim against Riverside Nursing Home for use and occupancy is denied.

SETTLE ORDER on notice.