## In re GREAT LAKES UTILITIES CORPORATION.
### No. 1068.

District Court, D. Delaware.
Nov. 6, 1936.

William H. Button, of New York City, for trustee.

Stewart Lynch (of Biggs, Biggs & Lynch), of Wilmington, Del., for Great Lakes Utilities Corporation, debtor.

Hugh M. Morris and Edwin D. Steel, both of Wilmington, Del., for trustees of National Public Utilities Corporation.

Josiah Marvel, Jr. (of Marvel, Morford, Ward & Logan), of Wilmington, Del., for William W. Battles et al., Reorganization Committee for National Public Utilities Corporation.

Reuben Satterthwaite, Jr. (of Satterthwaite & Foulk), of Wilmington, Del., for First Lien Collateral Trust Gold 5½ per cent. Bondholders Committee of Great Lakes Utilities Corporation.

E. Ennalls Berl (of Ward & Gray), of Wilmington, Del., for Albert E. Peirce, stockholder of debtor.

NIELDS, District Judge.

The debtor is a public utility holding company. Substantially all of its common stock is held by National Public Utilities Corporation, another public utility holding company. The debtor owns all the capital stock of ten subsidiaries supplying gas in twenty-five communities in the states of Virginia, Ohio, Michigan, Illinois, Iowa, and South Dakota. The annual net earnings are · approximately $100,000, about sufficient to pay the annual interest on the bonded debt.

November 10, 1934, debtor's petition was filed in this court under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207) and subsequently approved. December 4, 1934, William G. Mahaffy was appointed sole trustee. January 25, 1936, a plan of reorganization of the debtor was filed by the trustees of National Public Utilities Corporation and subsequently considered July 29, 1936.

The $1,676,500 of 5½ per cent. bonds of the debtor remain unaffected and are not dealt with in the plan.

The indebtedness and capital stock of the debtor affected by the plan are as follows:

### Indebtedness

| | |
|---|---|
| Debentures | $1,284,000.00 |
| Interest thereon unpaid from May 1, 1930, to November 16, 1934 | 349,890.00 |
| Current debt | 123,213.89 |
| | $1,757,103.89 |

### Capital Stock

| | | |
|---|---|---|
| $7 cumulative first preferred | 7,869 | shares |
| Script certificates for the above | $27,541.50 | |
| $7 convertible second preferred | 1,700 | shares |
| Common stock | 71,851 | shares |

The plan of reorganization contemplates the incorporation of a new company. Under the plan all of the securities above recited are converted into common stock of the new company upon the following basis:

| | |
|---|---|
| Each $1,000 debenture | 100 shares |
| $349,890 debenture interest | 0 |
| Each $10 of current debt | 1 share |
| Each share of first preferred stock | 1 share |
| Script certificates for first preferred | 0 |
| Each 2 shares of second preferred | 1 share |
| Each 20 shares of common | 1 share |

The plan has been accepted by 97.79 per cent. of unsecured creditors whose claims are affected; by 99.17 per cent. of first preferred stockholders; by 97.17 per cent. of second preferred stockholders; and by 98.15 per cent. of common stockholders.

Albert E. Peirce, claiming ownership of 949 shares of common stock and 40 shares of second preferred stock, is the only person who opposes confirmation of the plan. Peirce testified that he purchased these shares in the spring or summer of 1934 when National Public Utilities Corporation had been in receivership for a year and when the affairs of the debtor were in a precarious condition. He further testified that he paid for this stock about $1,550. The proponents of the plan allege that the above purchase was a speculation in the outcome of a law suit.

There is pending in this court a suit by the trustee of the debtor against the trustees of National Public Utilities Corporation and Pennsylvania & Southern Gas Company charging that the debtor is the equitable owner of $606,000 of National Public Utilities Corporation notes and is entitled to have the same transferred to it. Peirce contends that until the questions involved in that litigation are settled, consideration of any plan of reorganization of the debtor is premature. Moreover, claims have been filed in the proceedings for the reorganization of National Public Utilities Corporation by the trustee of the debtor and by its subsidiaries for excessive management charges aggregating $132,565.99 with interest thereon.

If in a prolonged and vexatious equity suit the trustee of the debtor recovers the $606,000 of notes, there should be offset against this recovery the $1,268,000 face amount of its debentures held by National Public Utilities Corporation together with $346,023.75, unpaid interest thereon. If debtor and its subsidiaries recover their claims aggregating $132,565.99, there should be offset against such recovery a demand note held by National Public Utilities Corporation for $92,179.33, $5,761.25 interest thereon, and an open account. Any excess recovered would be a general claim against National Public Utilities Corporation of slight or of no value. The trustee was justified in instituting the suit. The plan proposed fairly embodies the fruits of a settlement of that litigation without expense and delay. If successful the litigation probably would be futile. The claim for excessive management charges, if prosecuted, would be futile. Of what avail is the "law's delay"?

Under all of the circumstances the court views the plan as fair, equitable, and feasible.

An order confirming the plan may be submitted.