**POWELL et ux. v. WUMKES.**

No. 10945.

Circuit Court of Appeals, Ninth Circuit.

June 6, 1945.

H. R. Griffin, of San Bernardino, Cal., for appellants.

Nichols, Cooper & Hickson, of Pomona, Cal., and C. P. Von Herzen, of Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

On a former appeal, Powell v. Wumkes, 9 Cir., 142 F.2d 4, we affirmed a decision of the bankruptcy court setting aside a referee's valuation order and recommitting the matter for a further hearing. On the second hearing the referee fixed the value of the debtor's property at $5,575.[1] The se-cured creditor (appellee) again sought review, this time before Judge McCormick. On the review the judge set aside the referee's valuation and recommitted the case once more. The debtor appeals.

The judge was of opinion that the referee had erred prejudicially in failing to consider evidence of sales of comparable property, as well as in rejecting evidence of a cash offer for the debtor's property tendered by a witness for the creditor during the course of the hearing. It was thought that the unfair aspect of the referee's determination was further manifested by affidavits received and considered on review.

We think the referee was right in rejecting evidence of cash offers. The purpose of a revaluation proceeding under the first proviso of § 75, sub. s(3) of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s(3), is not to effect a sale, but to determine the fair value at which the debtor may redeem. Under such circumstances an offer to purchase is a meaningless gesture, if for no other reason than that there is no possibility of its being accepted. Cf. Sharp v. United States, 191 U.S. 341, 24 S.Ct. 114, 48 L.Ed. 211. However, there were other grounds upon which the judge might reasonably conclude that the hearing was unfair. For example, the debtor's chief witness,[2] on whose opinion the referee appears to have relied, fixed the value of the citrus grove in question at a figure in excess of $7,000 but arrived at a "net" value of $5,575 by the process of deducting a portion of the value of the growing crop. This was improper, since the unmatured crop was part of the real estate constituting the creditor's security. Again, witnesses for the debtor were permitted to enlarge upon or explain their estimates of value by reference to their knowledge of sales of comparable property, whereas witnesses for the creditor were not allowed to do that. In their case the referee adhered to the altogether too narrow theory that such evidence is permissible only if developed on cross examination. Further, affidavits of competent persons, presented on review, fixed the reasonable value of the property at figures greatly in excess of that determined by the referee.

For the reasons given we are not disposed to disturb the judge's order.

Affirmed.

---

[1] The property is a citrus grove.

[2] This witness was by profession an inheritance tax appraiser.