In re DELAFIELD
DEVELOPMENT, Debtor.

Bankruptcy No. 83–03092.

United States Bankruptcy Court,
E.D. Wisconsin.

Oct. 22, 1985.

Mary Ann Gerstner, Chicago, Ill., for James Flanagan.

Jack U. Shlimovitz, Milwaukee, Wis., for debtor.

Chester H. Foster, Jr., Chicago, Ill., for Emil R. Leuzinger and Emil Leuzinger Plumbing, Inc., James Adashek, Steven Cleary, Scott Israel, David Sweeney, Emil Leuzinger.

OPINION AND ORDER

JAMES E. SHAPIRO, Bankruptcy Judge.

Before this Court for its determination is a motion filed on behalf of claimants Emil R. Leuzinger and Emil Leuzinger Plumbing, Inc. (hereinafter referred to collectively as "Leuzinger Claims" or "Leuzinger") to dismiss pending objections to these claims filed by James M. Flanagan, a party in interest. The Leuzinger claims, as of the date of the filing of the involuntary

petition in bankruptcy, collectively totalled approximately $611,000.

## BACKGROUND

The debtor is a general partnership, consisting of several general partners including Flanagan. The debtor owned a shopping center known as "Heritage Ridge Shopping Center" located off Highways 83 and I–94 in Delafield, Wisconsin. Following the filing of the involuntary petition against the debtor on August 19, 1983, an order for relief under Chapter 11 was entered on September 15, 1983. On June 28, 1985, this case was converted to a case under Chapter 7, and James Adashek was appointed trustee. Mr. Adashek is continuing to serve in this capacity at the present time.

Although Mr. Adashek informed this Court, at the hearing held on this motion on October 7, 1985, that there presently are no assets in this estate, there has been a flurry of activity in this case since its conversion to Chapter 7. This is understandable since, under § 723(b) of the Bankruptcy Code, to the extent that there is any deficiency in the bankruptcy estate, the trustee is authorized to seek recovery for such deficiency against any general partner, and this includes Flanagan. Flanagan, through his attorneys, has actively attempted to settle the outstanding claims against the debtor. He has thus far had some measure of success in this regard. However, there still remain some unresolved claims, including the Leuzinger claims.

In support of its motion before this Court, Leuzinger refers to a certain stipulation previously entered into on November 21, 1984 between the debtor, Flanagan, Leuzinger and Emil Leuzinger Plumbing, Inc. during the Chapter 11 proceedings and prior to the submission of a plan to the creditors. This stipulation was approved as to form by the Creditors' Committee and by the attorneys for Equitable Savings and Loan Association and Chemical Bank, the holders of the mortgage on the Heritage Ridge Shopping Center. The stipulation was also approved by this Court pursuant to an order also dated November 21, 1984. The stipulation and order specifically recited that the Leuzinger claims shall be allowed in full. Because of this, Leuzinger maintains that the pending objections against the Leuzinger claims must be dismissed.

## DISCUSSION

Upon a consideration of the files, records and proceedings in this case, as well as the memorandum brief submitted on behalf of Flanagan and upon a consideration of the oral arguments heard on October 7, 1985, this Court is satisfied that the motion to dismiss the objections to the Leuzinger claims must be denied and that the hearing on the objections to the Leuzinger claims, previously scheduled to be held on November 5, 1985, shall proceed to an evidentiary hearing.[1]

Several arguments were presented by Flanagan opposing the motion to dismiss the objections. In order to scrutinize these arguments, it would require a separate evidentiary hearing of the underlying factual allegations supporting them, which are sharply disputed by Leuzinger. Among these disputed allegations are:

1. Whether Leuzinger withheld from this Court certain material facts which would have affected this Court's decision to approve the stipulation;

2. Whether the stipulation was intended to be operative only within the framework of the Chapter 11 case or was intended to apply in the event of a conversion to Chapter 7;

3. Whether the stipulation was induced by fraud on Leuzinger's part; and

1. In arriving at its decision, this Court disregards all factual allegations and conclusions set forth in Atty. Gerstner's letter of October 11, 1985. It was the understanding arrived at by Atty. Foster, on behalf of the Leuzinger claim-ants, and Atty. Gerstner, on behalf of Flanagan, that this letter would be submitted for the limited purpose of preserving such right to indemnification as he may have, but not to furnish additional factual allegations and conclusions.

4. Whether Leuzinger performed the conditions required under the stipulation.

Proceeding to an evidentiary hearing on these allegations can only lead this Court into a number of collateral issues. It would result in costly and time-consuming proceedings. The Bankruptcy Court is a court of equity. *Bank of Marin v. England,* 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed. 197 (1966). As such, it has the obligation of protecting the equities of all parties—including the debtor and all of the creditors—and should use these powers to shape relief appropriate to the case at hand in the light of the particular facts and circumstances. This principle should be kept in mind in deciding to allow or disallow claims.

Moreover, the November 21, 1984 stipulation is unclear as to whether it was intended to apply in the event of a conversion to a Chapter 7 case. A reasonable interpretation of the stipulation is that it should only be effective upon confirmation of a Chapter 11 plan. Certain portions of the stipulation suggest this interpretation. For example, paragraph 7 of the Easement Agreement (and referred to in paragraph 5 of the stipulation) states in part:

"The term of this Easement Agreement shall commence on the first day of the first calendar month following the date on which the first modified plan of reorganization for Delafield Development is confirmed by order of the United States Bankruptcy Court for the Eastern District of Wisconsin."

Also, paragraph 2 of the stipulation specifies that Leuzinger and Leuzinger Plumbing shall vote in favor of the modified plan, and paragraph 3 creates a new class of creditors consisting solely of the Leuzinger claimants. The stipulation also specifies certain requirements which are to be contained in the modified plan. These are all strong indications that the stipulation was contingent upon confirmation of this plan. There is nothing in the stipulation which specifies what shall occur in the event of no confirmation. Furthermore, this stipulation was drafted by Leuzinger's attorneys. It is a rule of construction that where there is any doubt as to the meaning of a document, it shall be construed against the party who drafted it. *In re Smith Management, Inc.,* 8 B.R. 346 (Bankr.W.D. Wis.1980); *In re Noack,* 44 B.R. 172 (Bankr.E.D.Wis.1984). Recently, in *Seifert Manufacturing Co., Inc.,* 83–04882 (Bankr. E.D.Wis.1985) this Court's colleague, Judge Dale E. Ihlenfeldt, was called upon to determine the meaning of a settlement agreement. In that decision, he stated in part:

"It is fundamental that doubtful language in a contract should be interpreted strongly against the party who has selected that language."

Even, for the sake of argument, if the language contained in the stipulation clearly supported Leuzinger's interpretation, to prevent all interested parties from attacking the Leuzinger claims, including those innocent third parties without knowledge of this stipulation and without any opportunity to oppose it, would violate fundamental requirements of due process. These innocent parties include the unsecured creditors who did not join in the stipulation, as well as Mr. Adashek, the subsequently appointed Chapter 7 trustee. Mr. Adashek stated to this Court that he had not as yet had an opportunity to evaluate the Leuzinger claims. In *Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), the United States Supreme Court declared that "an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." In *In re John Clay & Co., Inc.,* 43 B.R. 797 (Bankr.D.Utah 1984), the Court held that this principle also applies to bankruptcy proceedings.

A court of equity has the power to vacate its own order "whenever such action is appropriate to accomplish justice." *Kelly*

*v. Greer,* 334 F.2d 434 (3d Cir.1964). The power of the bankruptcy court to reconsider and modify its own orders is indisputable. Judge Learned Hand, in reference to the referee's "ancient and elementary power to reconsider his own orders" stated that there was no reason why the referee's orders "should be immutable as the Twelve Tables, once the ink is dry." *In re Pottasch Brothers, Inc.,* 79 F.2d 613, 616 (2d Cir.1935). In *Matter of Lintz West Side Lumber, Inc.,* 655 F.2d. 786 (7th Cir.1981) the Court of Appeals has declared that it is well settled that a bankruptcy judge has the power to reexamine and revise an order which he has entered during the pendency of bankruptcy proceedings. There is also ample authority contained within § 502(j) [2] of the Bankruptcy Code and Bankruptcy Rule 3008 [3] which support the action by this Court in deciding to reconsider the validity or invalidity of the Leuzinger claims.

The circumstances in this case require a revision of this Court's November 21, 1984 order in order to avoid a result which would otherwise be unduly harsh and prejudicial to the rights of innocent parties not afforded an opportunity to present their positions to this Court. In vacating this order, the Court at this time makes no determination as to the validity or invalidity of the Leuzinger claims or the amounts of these claims.

While the law favors settlement of disputes and avoidance of costly and timely litigation, the fundamental policy of affording due process to innocent parties must be afforded a higher priority and is controlling. The only prejudice to the Leuzinger claimants is that they will now be required to submit to an evidentiary hearing on the merits of their claims. While this will involve time and expense on their part, the alternative of conducting an evidentiary hearing on collateral matters dealing with the scope and intent of the stipulation would also be timely and costly. It is far better to proceed to the merits of the claims themselves.

### ORDER

Based upon the foregoing,

IT IS ORDERED that the motion of Emil R. Leuzinger and Emil Leuzinger Plumbing, Inc. to dismiss the objections to their claims be and the same is hereby denied and that so much of this Court's prior order of November 21, 1984 which states that "the objections to the claims of Emil Leuzinger and Emil Leuzinger Plumbing, Inc. are withdrawn and those claims are allowed in full" is hereby vacated.

IT IS FURTHER ORDERED that the hearing previously scheduled by this Court on the objections to the claims of Emil R. Leuzinger and Emil Leuzinger Plumbing, Inc. shall be held on November 5, 1985 at 9:00 A.M. at the U.S. Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin.

---

**2.** 11 U.S.C. § 502(j). "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case. . . ."

**3.** Bankruptcy Rule 3008. *"Reconsideration of Claims.* A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order."