**In re SCHAAK ELECTRONICS, INC., Debtor.**

**Bankruptcy No. 3–85–1559.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Dec. 5, 1986.

Michael Iannacone, St. Paul, Minn., trustee.

Jerome Simon of Maun Green Hayes Simon Johanneson & Brehl, St. Paul, Minn., for Richard Schaak.

## ORDER

JOHN J. CONNELLY, Bankruptcy Judge.

The above-entitled case was commenced by the filing of a Chapter 11 petition on July 11, 1985. The case was converted to Chapter 7 on March 10, 1986. Michael J. Iannacone was appointed trustee on March 11, 1986, and is now the duly qualified and acting interim trustee.

The case is presently before the Court pursuant to Notice and Motion regarding approval of settlement agreements filed

March 14, 1986, by Richard L. Schaak (Schaak). The settlement agreement, if approved, would dispose of all claims between the parties to the agreement in an action then pending in the United States District Court as well as other claims not involved in the lawsuit. (*Schaak Electronics, Inc. v. Larry H. Welch and Pamela N. Welch*). The trustee filed objections to the approval of settlement agreements on March 31, 1986. The trustee asserts that the proposed settlement is imprudent and not in the best interests of the estate and requests that the Court deny Schaak's motion for approval of the settlement agreement.

Richard L. Schaak filed a claim in the proceedings on December 10, 1985, in the total amount of $1,963,968.50. Schaak claims that the Debtor owes him that sum for wages, salaries or commissions for services expenses and costs incurred by the claimant pursuant to contract with the Debtor dated May 15, 1985 and July 8, 1985. Schaak filed an additional claim July 29, 1986, for rejection of leases and computer lease for a total claim of $517,573.00.

■ The issue before the Court is whether to approve a settlement contingently entered into by the debtor-in-possession, Schaak Electronics, Inc. (S.E.I.), in December of 1985 during the pendency of the reorganization proceeding or whether to sustain the trustee's objection and allow the trustee to pursue various claims which will be negated if the settlements are approved.

It is Schaak's position that approval of the settlement that was conceived in December 1985 should turn on whether it was a fair and reasonable settlement which was in the best interest of the estate when it was made. Settlement was agreed to in late December 1985 in the context of the Chapter 11 proceedings with the purpose from the Debtor's viewpoint of helping to construct a plan of reorganization. The interests of the Debtor were competently represented at the time by independent counsel. Schaak recognizes that the settlement went beyond the issues raised in the lawsuit brought by S.E.I. against Welch because anything less would not have accomplished the objectives of the parties, including the Debtor who viewed the settlement as a necessary event in its efforts to refinance its business and successfully reorganize. With the conversion of the case to a Chapter 7 liquidation case, however, these reasons are no longer pertinent. The trustee now stands in the shoes of the debtor-in-possession and he is opposed to the settlement completely.

The proposed settlement goes beyond the pending litigation in this case. At the time of the proposed settlement, S.E.I. had no claims pending against Schaak. The December 31, 1985, agreement was more than a settlement of a lawsuit, it was an attempt to prevent other claims being asserted against Schaak. The trustee, upon his appointment, looked at the potential claims and proceeded to assert them in a proceeding in the United States District Court, File No. 3–86–827. The keystone upon which the settlement agreement is based is the action in the United States District Court, Fourth Division, Civ. # 4–85–949. Stipulations and dismissals of the claims and counterclaims in that case were entered and approved by United States District Judge, Diana Murphy, subsequent to the filing of the matters now before the Court. At the time the settlement agreement was conceived, it was expected to enhance the Debtor's chances for reorganization. For the obvious reason, that expectation was a key element of any prospective plan as prospective lenders would not want to finance the Debtor's side of extensive litigation.

Of concern here is that an essential component of the settlement was the release of any and all claims the Debtor might have against Schaak and the other directors for misconduct in the affairs of the company. The proponents of the settlement should have informed the Court that potential claims existed and the Court then could have decided notwithstanding to approve the settlement for the reasons expressed herein. But that should have been done while the Chapter 11 reorganization was in progress. The claims now asserted by the trustee in his action against Schaak were

alleged by the defendants in District Court Civ. # 4–85–949. The picture changed completely because of the conversion of the case, and the appointment of a trustee; the need for additional financing no longer exists and the potential expense of litigation of the claims of Schaak now must be faced by the trustee; he had to make a decision whether to pursue the claims or to abandon them.

The Chapter 11 reorganization process of this case is past. It is now in the liquidating mode and the Court is being asked to retroactively approve a settlement as though the Chapter 11 proceedings was somehow still operative. That is simply not the case. The Court cannot go back over the serious objections of the trustee and a major creditor and approve a settlement to which they strenuously object as not being in the best interest of the estate.

The parties to this settlement did not seek this Court's approval of the settlement agreement until after the case had been converted to a liquidation case. The proper party now to sign on behalf of the Debtor is not the officers or directors of Schaak Electronics, Inc., the debtor-in-possession, but rather the trustee in the superseding bankruptcy case.

■ It is the rule that where a court has a responsibility of passing on a proposed compromise or settlement concerning an estate in course of administration, the Court must have before it sufficient information concerning the matter in dispute to reach an informed, independent judgment. *National Surety Co. v. Coriell,* 289 U.S. 426, 436, 53 S.Ct. 678, 681–82, 77 L.Ed. 1300 (1933). Schaak's claim against the Debtor did not have to be judicially determined in advance of consideration of the plan of reorganization. The Court has the power to approve a compromise of controverted claims and to allow such claims as agreed to by the creditors concerned and the debtor, where the Court has sufficient facts before it to indicate the compromise or settlement is a fair one. This power is a necessary corollary to the equitable nature of the Bankruptcy Court, otherwise estates in reorganization might be wasted by tedious and expensive litigation. Thus, where claims between a subsidiary and its parent both in reorganization would have been the subject of prolonged and vexatious litigation if prosecuted, a plan by which they were compromised was approved. *In re Kalamazoo Building Co.,* 21 F.Supp. 852; *see also In re Great Lakes Utilities Corp.,* 16 F.Supp. 1005, *aff'd* 92 F.2d 1012, *In re Associated Gas & Electric Co.,* 61 F.Supp. 11 (1944), *aff'd* 149 F.2d 966, *cert. denied* 326 U.S. 736, 66 S.Ct. 45, 90 L.Ed. 439 (1945).

■ The Courts have employed various formulations in considering settlements for approval, but a common thread throughout these formulations is that the settlement must be in the best interest of the estate. *In re Lakeland Dev. Corp.,* 48 B.R. 85, 89 (Bankr.Minn.1985). In many situations, what is the best interest of the estate is synonymous with what is the best interest of the creditors. *Matter of Baldwin United Corp.,* 43 B.R. 888, 907 (Bankr.S.D.Ohio 1984). The Eighth Circuit Court of Appeals has described the interests of creditors as "paramount" although not absolutely controlling. *In re Flight Transportation Corp., Securities Litigation,* 730 F.2d 1128, 1135 (8th Cir.1984).

This Court strongly agrees with the holding of the Court in *In re Philadelphia Athletic Club, Inc.,* 17 B.R. 345 (Fla.1982), where the Court held as long as the debtor-in-possession had the right and power to enter into an agreement, the agreement remains binding upon the estate after the subsequent appointment of a trustee. The trustee is a successor to the debtor-in-possession and is, in general, bound by the terms of any contract executed by the debtor while it was a debtor-in-possession. *Seidle v. GATX Leasing Corp.,* 45 B.R. 327 (D.C.1984). Schaak correctly asserts that the trustee should not be allowed to second guess the debtor-in-possession's board of directors' decisions to enter into agreements that were intended to facilitate the Debtor's reorganization because to do so would discourage parties from dealing with the debtor-in-possession and would frustrate the entire purpose of a Chapter 11

proceeding. However, the problem here is that this Court was not asked to rule on the proposed settlement agreement during the pendency of the Chapter 11 reorganization proceedings. It was only after the case had been converted that Schaak came forward and asked the Court to retroactively approve the settlement agreement. Apparently, Schaak contemplated in the latter stages of reorganization that the case would be converted and the approval of the interim trustee would be required. This Court cannot convincingly say that even reviewing these agreements only from the prospective that existed at the time they were entered into, that is, prior to the conversion of this case to a Chapter 7 case that it would have approved the settlement agreement. Courts generally favor compromises which are a normal part of the reorganization process. The approval of settlements is a matter that lies within the broad discretion of the Bankruptcy Court. It is not necessary to have a full evidentiary hearing to determine whether a settlement should be approved as long as the record is sufficient for the Court to render an informed determination. Here, the Court is left with a nagging doubt that it was not fully apprised of the nature and extent of the settlement that was proposed by the agreement of December 31, 1985. Moreover, the Court is perplexed by the lack of participation by the Creditors Committee in fashioning so major a disposition of potential estate claims.

■ This Court firmly believes that a trustee in a superseded Chapter 11 proceeding should not be allowed to upset a settlement entered into by the debtor-in-possession and approved by the Court because the trustee stands in the shoes of the debtor-in-possession and must abide by previous agreements. If it were otherwise, the ability of future debtors-in-possession to do business and develop successful reorganizations would be seriously undermined. The contentions advanced by Schaak would have special merit only if the settlement stipulation had been approved by the Court prior to the appointment of a trustee. Here, and in these circumstances, the appropriate standard is not whether the set-

tlements were prudent in December of 1985, but rather whether the proposed settlements now are in the best interests of the Debtor's estate. The Court is satisfied that this is not a case where it should order the trustee to effectuate a settlement proposed in a Chapter 11 reorganization proceeding, but which was not presented to the Court for its approval until after the case had been converted to a Chapter 7 liquidation case over the objections of the trustee and a major creditor.

ACCORDINGLY, IT IS ORDERED: that the motion of Richard L. Schaak for approval of settlement agreements dated December 31, 1985, be and the same is hereby in all things denied.