**In re AMERICAN INTERNATIONAL AIRWAYS, INC., Debtor.**

**Harry P. BEGIER, Jr., Trustee, Plaintiff,**

**v.**

**AMERICAN EXPRESS, INC., Defendant.**

Bankruptcy No. 84–02379K.

Adv. No. 86–0309K.

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 14, 1987.

David Fishbone, Marc N. Bell, Philadelphia, Pa., for trustee.

Harry P. Begier, Philadelphia, Pa., Trustee.

Jay G. Ochroch, Marjorie L. McMahon, Philadelphia, Pa., for defendant.

Pace Reich, Philadelphia, Pa., for debtor.

SUPPLEMENTAL OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

On June 18, 1987, we filed an Opinion and Order, reported at 74 B.R. 691, refusing to grant judgment for either party in this case on the basis of the sparse record before us. The issue presented by the case appeared to be a very close one and one addressed by little precedent, i.e., the extent to which a Chapter 11 Trustee is bound by a court-approved Stipulation entered into by the Debtor during the time that the Debtor was a debtor-in-possession (hereinafter referred to as "DIP").

We adhere to our earlier holding that the Trustee is generally bound by the terms of a DIP's Stipulation, unless the Trustee is able to present evidence of factors, including equitable considerations, to the contrary. We believe that it follows from this holding that, when the Trustee presents little or no evidence of any reason why the Trustee should *not* be bound, he will in fact *be* bound by the DIP's pre-appointment court-approved Stipulation. Since the Trustee presented little evidence here, and nothing subsequent to our previous Opinion despite our admonitions to do so if such evidence existed, 74 B.R. at 696, we shall proceed to uphold the Stipulation and enter judgment in favor of the Defendant.

Appended to our Opinion of June 18, 1987, was a Pre-trial Order, *id.* at 697, setting discovery deadlines, making requests for pre-trial lists of witnesses and exhibits and Briefs, and setting a trial date of July 23, 1987. The parties requested that the trial be continued until July 30, 1987, in the hopes that the matter might be settled.

The parties were able to agree on the sum that was a preferential transfer pursuant to 11 U.S.C. § 547, i.e., $19,914.00, using as guidance our Opinion in *In re American International Airways, Inc. (Begier v. Krain Outdoor Advertising, Inc.)*, 68 B.R. 326 (Bankr.E.D.Pa.1986), *aff'd*, C.A. No. 87–1287 (E.D.Pa., Bench Order entered April 20, 1987). However, on July 30, 1987, neither presented any further evidence and both presented only somewhat more sub-

stantial Briefs and lucid oral argument in support of their respective positions.

In our previous Opinion, 74 B.R. at 696, we suggested that additional evidence of "the specific intentions of the parties to bar or not to bar a Trustee from pursuit of preference actions against the Defendant at the time of the execution of the Stipulation," or "as to whether equitable considerations support either the conclusion that the Trustee should be precluded from pursuing preference actions against the Defendant or the conclusion that no equitable reasons for relieving the Trustee from such a preclusion" were present. Prophetically, the Trustee states that "[u]nfortunately" he is not able to present any further evidence. Since the burden is properly placed upon him to present evidence as to why the court-approved Stipulation should not be strictly enforced, rather than upon the Defendant to present evidence as to why we should enforce it, this admission dooms the Trustee to defeat.

We note that the Defendant's Brief tends to embellish the record with certain overstatements and inaccuracies. For instance, it states that there was "unanimous consent" to the Stipulation at the time of its entry on August 15, 1984, when, in fact, as we noted in our previous Opinion, *id.* at 693 n. 1, counsel for the two creditors other than the Defendant who were present expressed significant reservations about the wisdom of the Stipulation, and one of whom expressly focused an objection to the DIP's negotiating away its right to collect preferential transfers from the Defendant.

Also, there is argument, totally unsupported by any record, that the Trustee "ratified" the Stipulation by subsequently recovering funds from the Defendant which were held in a "chargeback" fund. We cannot consider such matters, unsupported by any evidence of record, in our decision.

*Cf. In re Smith,* 76 B.R. 426, 427–28, 433–34 (Bankr.E.D.Pa.1987) (court can only consider matters presented into evidence).

However, the Defendant does rebut the observation made by us in our previous Opinion, *id.* at 695, and picked up by the Trustee in its Brief and argument, that the Stipulation, in addition to containing no recitation that it bound the DIP's "successors and assigns," could be read, at paragraph 1A, as providing that it "will automatically terminate" in the event of, *inter alia,* the appointment of a Trustee. More accurately, the Stipulation states that the "Charge Agreement" will terminate, not that the Stipulation will terminate, in the event of the appointment of a Trustee. We do not think that this case can turn on the presence or absence of the boilerplate recitation that the Stipulation will bind the DIP's "successors and assigns" because it would perforce bind them in any event. *See id.* at 696. Of course, had the Stipulation provided that *it* would terminate on appointment of a Trustee, the result here could well be different.

In sum, the Trustee has presented no evidence of intentions of the parties not to bind a successor-Trustee, or of equitable considerations which should relieve it from the force of the DIP's Stipulation. We are not convinced that the sum involved, but $19,914.00, was not in fact adequate consideration for the risks taken by the Defendant in performing its end of the bargain to which it committed itself in the Stipulation. We shall therefore proceed to enter judgment in favor of the Defendant in an accompanying Order.