**In re Dale G. BETTIS, et ux., Debtors.**

**Bankruptcy No. 1–86–01038.**

United States Bankruptcy Court, W.D. Texas, Austin Division.

March 17, 1989.

Eric R. Borsheim, Austin, Tex., for debtors.

Stanley Wright, Arlington, Tex., Trustee.

Evelyn Howard Hand, Austin, Tex., for trustee.

## MEMORANDUM OPINION

LARRY E. KELLY, Chief Judge.

Came on for consideration the Application by the Chapter 7 Trustee, Stanley Wright, for Relief From an Order signed September 17, 1987 entitled "Agreed Order of Adequate Protection on Motion of Robert Cox For Relief From Stay". A hearing was held on this matter on September 15, 1988. After argument of counsel, the Court took this matter under advisement.

---

## PROCEDURAL HISTORY

This case was filed under Chapter 11 of the Bankruptcy Code on October 6, 1986. Mr. Bettis operated his business as Debtor-in-Possession during the time his case was pending under Chapter 11. The Debtors-in-Possession were never able to formulate a confirmable Plan of Reorganization and on July 8, 1988 moved to have their case converted to a case under Chapter 7. The "Order Converting Chapter 11 to Chapter 7" was signed on July 11, 1988. Stanley Wright was appointed Chapter 7 Trustee ("Trustee"). On July 29, 1988, the Trustee was authorized to operate the business of the Debtors.[1] On September 1, 1988, the Trustee applied to sell the Bucher Press which is a subject of the current controversy along with other equipment of the Debtor. On September 1, 1988, the Trustee also applied for relief from the September 17, 1987 Order of this Court which had ordered the Debtor to pay $200.00 per month to Mr. Robert Cox the alleged creditor with a security interest as a condition of retention by the Debtor of the Bucher Press. This memorandum deals directly with the Trustee's Application for Relief from the Court's prior Order, though it will indirectly cause the Application to Sell the Bucher Press to be moot.

## FACTUAL BACKGROUND

Mr. Cox and Mr. Bettis were partners in a wine making venture. Included among their wine-making equipment were a Bucher Press and a Demoisicy Stemmer–Crusher. Each of these pieces of equipment was subject to a lien claimed by Central Texas Production Credit Association ("PCA"). PCA's lien was perfected by the filing of a UCC–1 in the county clerk's office but not in the Secretary of State's Office (presumably because PCA believed the equipment was farm equipment).

The partnership was subsequently dissolved before bankruptcy and it was agreed that (i) Mr. Cox would keep the Stemmer–Crusher and pay his proportionate share of the debt to the PCA and (ii) Mr. Bettis would keep the Bucher Press and pay his proportionate share of the debt to the PCA. In fact, Mr. Bettis kept both pieces of equipment, defaulted on his loan to the PCA and filed bankruptcy. The PCA recovered most or all of its debt from Mr. Cox, leaving Mr. Cox with a claim in Mr. Bettis' bankruptcy.

Mr. Cox filed a Motion to Lift Stay as to the two pieces of equipment on July 31, 1987. As a result of negotiations an Agreed Order terminated the lift stay proceeding on September 17, 1987. The relevant terms of that Order are as follows:

1. The parties stipulated that Movant (Mr. Cox) had a valid perfected lien on both pieces of equipment.

2. Mr. Bettis agreed to give the Stemmer–Crusher to Mr. Cox by October 1, 1987.

3. The parties agreed that Mr. Bettis would retain possession of the Bucher Press but would pay Mr. Cox $200.00 per month to be applied to the principal of the debt owed by Mr. Bettis to Mr. Cox.

4. The parties agreed that upon default of payment (and 20 days notice and opportunity to cure) all stays would lift and Mr. Cox could foreclose and Mr. Bettis would cooperate in return of the Bucher Press.

By the time of this hearing, Mr. Bettis had defaulted on his agreement. If the Trustee is granted relief from the September 17, 1987 Order, he may be entitled to sell the Bucher Press. If no relief is granted, Mr. Cox is entitled to immediate possession of the Press. The Trustee's theory is that Mr. Cox was not in fact the possessor of a valid, perfected lien and is not therefore entitled to adequate protection. The Trustee believes the lien was not validly perfected because the UCC–1 should have been filed in the Secretary of State's office because a Bucher Press used for making wine is *not* farm equipment. See TEX. BUS. & COMM. CODE § 9.401 (Vernon 1968).

---

1. Code § 721 provides: "The court may authorize the trustee to operate the business of the Debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate."

## ISSUES PRESENTED

The Trustee presented his application as if the issue were whether Mr. Cox's lien were indeed valid and perfected. Counsel for Mr. Cox insisted that the question was whether the September 17, 1987 Order should be undone, and, if so, whether the Trustee is entitled to sell the Bucher Press free and clear of liens. Although counsel for Mr. Cox is more correct, I frame the issue as (i) whether a Chapter 7 Trustee, appointed after conversion of a Chapter 11 case, is bound by stipulations made by his predecessor, the Debtor-in-Possession ("DIP") and if so (ii) whether the Trustee has presented evidence of mistake, fraud, or lack of due process which would justify relief from the September 17, 1987 Order.

## DISCUSSION

Research has revealed four opinions which deal with the issue of whether a successor Trustee is bound by the actions of a debtor-in-possession. *In re American International Airways, Inc.*, 75 B.R. 1023 (Bankr.E.D.Pa.1987) (hearing on the merits); *In re American International Airways, Inc.*, 74 B.R. 691 (Bankr.E.D.Pa. 1987) (hearing on motion for summary judgment); *In re Delafield Development*, 54 B.R. 442 (Bankr.E.D.Wis.1985); and *In re Philadelphia Athletic Club, Inc.*, 17 B.R. 345 (Bankr.E.D.Pa.1982). Two cases dealt with Chapter 11 Trustees who had been appointed pursuant to 11 U.S.C. § 1104. *In Re American International Airways, Inc.*, supra and *In re Philadelphia Athletic Club, Inc.*, supra. One case dealt with a Chapter 7 Trustee appointed after conversion of an involuntary Chapter 11 case for cause pursuant to 11 U.S.C. § 1112(b); *In re Delafield Development*, supra. This case involves a voluntary Chapter 11 which was converted to Chapter 7 on motion of the debtor pursuant to 11 U.S.C. § 1112(a). The importance of these distinctions should become clear through the brief discussion of these cases below.

The *American International Airways* case produced two opinions relevant to the decision here: the first upon denial of summary judgment against the trustee who had brought a preference action and the second upon consideration of the merits of the preference action. In the second opinion the judge ruled that the preference action must be dismissed because the trustee was bound by a stipulation of the DIP that the defendant was released in advance from any potential preference claims. At summary judgment, Judge Scholl held that a trustee would generally be bound by a DIP's stipulations but that a trustee was entitled to attempt to prove that the stipulation was only intended to be binding while the case was in reorganization posture or that there were equitable reasons why the trustee should not be bound. Equitable considerations mentioned which might justify relief were: (i) a trustee appointed *because* of very poor management or fraud by the DIP and charged with restoring order should not be bound by stipulations made by a DIP under severe pressure to save a failing business, (ii) an ambiguity in a stipulation drafted by a creditor should be construed against the creditor, possibly releasing the trustee, (iii) a misrepresentation by the DIP should not be attributed to the trustee or (iv) the stipulation was made in haste (and possibly ex parte) by the DIP in an emergency situation. *In re American International Airways, Inc.*, 74 B.R. 691 (Bankr.E.D.Pa. 1987). After the summary judgment order which suggested to the trustee many possible arguments he could make to be relieved of the effects of the DIP's stipulation, the trustee failed to rise to the challenge, so that on the merits, Judge Scholl reaffirmed the general rule that a successor trustee is bound by a DIP's stipulations. *In re American International Airways, Inc.*, 75 B.R. 1023 (Bankr.E.D.Pa.1987).

In *In re Delafield Development*, 54 B.R. 442 (Bankr.E.D.Wis.1985), an involuntary Chapter 11 petition was filed on August 19, 1983. An order for relief was entered and the DIP remained in control of his business for almost two years until the case was converted to a Chapter 7 on June 28, 1985. While in control, the DIP stipulated that the claims of a certain creditor group were valid and would be paid in full. No notice of this stipulation was given to any other

creditor in the case. After conversion the trustee objected to the claim of this group. The group moved for dismissal of the objection on the ground that the trustee was bound by the DIP's stipulation. The trustee defended with allegations of (i) fraud (on the part of the creditor group) underlying the stipulation and (ii) intent that the stipulation was to be binding only in the event of confirmation of the Chapter 11 plan being negotiated at the time the stipulation was made. Rather than setting an evidentiary hearing on the fraud allegations, Judge Shapiro ruled that the Trustee was not bound by the DIP's stipulation so that the court could proceed to hear (at a later scheduled hearing) the merits of the objection to claim. His ruling is partially based on "strong indications that the stipulation was contingent on confirmation of this plan," *Id.* at 444, and a finding that it was never the intent of the parties that the stipulation would be binding if reorganization were not possible. The ruling is further based on a finding that to bind the trustee to fully pay a very large claim with consequent detrimental effect on other creditors when there was no notice of the stipulation on any creditors would violate fundamental requirements of due process. Judge Shapiro determined that due process requirements are more weighty than the judicial policy which favors final settlement of disputes. *Id.* at 445.

In *Philadelphia Athletic Club, Inc.,* 17 B.R. 345 (Bankr.E.D.Pa.1982) the DIP entered into a stipulation which settled a Lift Stay proceeding. Proper notice had been given of the motion to lift stay and of the hearing thereon. Judge Goldhaber found that the stipulation was entered after substantial negotiations. Thereafter a Chapter 11 trustee was appointed pursuant to 11 U.S.C. § 1104(a). The trustee argued that he was not bound to tender adequate protection payments to the mortgagee which the DIP had agreed to make in the Agreed Order settling the lift stay. Judge Goldhaber rather easily found that the trustee was indeed bound because (i) the stipulation had expressly provided that it was binding on "successors and assigns" and (ii) "[t]o hold that such a stipulation is not

binding on the estate after the appointment of a trustee would greatly impair the ability of the debtor in possession to conduct its business because it would discourage third parties from dealing with the debtor in possession ... [a result which is] inconsistent with the purpose of Chapter 11 of the Code to allow the debtor in possession to conduct its business and formulate a successful plan of reorganization if possible." *Id.* at 347.

■ Applying the lessons of these cases to the case at hand, it is clear that the Trustee must be bound by the stipulation of the DIP. Here there was full notice, extensive negotiation, reliance on the settlement by the secured creditor, no ambiguity in the stipulation itself, no allegation of fraud underlying the original settlement, and no indication that the DIP was removed for fraud or incompetent management. Further authority for this position, if any is needed, is found in the Fifth Circuit's position that a non-party to former litigation may be bound by a prior judgment; where (i) the non-party has succeeded to a party's interest in property bound by a prior judgment; or (ii) the non-party's interests were represented adequately in the original suit. *Clark v. Amoco Production Co.,* 794 F.2d 967 (5th Cir. 1986). Both rationales apply in this case: the Bucher Press is a piece of property that at the time the Trustee obtained rights in it, was burdened with an admittedly perfected security interest, and the DIP had the same duties and interests (see 11 U.S.C. § 1107) as those the Trustee now has, so the Trustee's interests were adequately represented in the earlier litigation.

■ Having determined that the Trustee is bound by the DIP's stipulation to the same extent the DIP himself was bound, I deal briefly with the Trustee's theory that he is not bound by the earlier stipulation because it was based on a "mistake", persumably a mistake as to the validity of the perfection process involved on this piece of equipment. I note that consent judgments are interpreted and construed by the rules applicable to contracts. *Robinson v. Vollert,* 602 F.2d 87 (5th Cir.

1979). Generally, a contract cannot be avoided for a mistake of law. *Ussery v. Hollebeke*, 391 S.W.2d 497 (Tex.Civ.App.—El Paso 1965, writ ref. n.r.e.). All persons of sound mind are presumed to know the law. *Roberts v. Lucas*, 388 S.W.2d 764 (Tex.Civ.App.—Tyler 1965). Although this presumption is an arbitrary one, it is sustained for reasons of public policy and necessity. There would be no security as to legal rights and no stability about judicial decisions if ignorance of the law could be advanced to excuse foolish or injudicious action. 14 TEX.JUR.3d (Contracts § 97 (1981)). Therefore, the Trustee is bound by the Agreed Order for Adequate Protection signed September 17, 1987 and no relief from that Order will be given.

Because the DIP has previously defaulted under that Agreed Order and the Trustee has not cured that default, the Trustee shall immediately surrender possession of the Bucher Press to Robert Cox. A separate Order of even date shall issue to effectuate this opinion.

## ORDER DENYING TRUSTEE'S APPLICATION FOR RELIEF FROM ORDER OF SEPTEMBER 17, 1987

Came on for consideration the Trustee's Application For Relief From Order For Adequate Protection signed September 17, 1987. For the reasons discussed in a separate memorandum opinion of even date, the Application is DENIED and it is further

ORDERED that in view of the continuing default under that Order, the Trustee shall immediately surrender possession of one Bucher Press to Robert Cox, the secured party.