**In re Steven & Christine GREEN, Debtors.**

**Steven & Christine GREEN, Plaintiffs,**

**v.**

**ARLINGTON TRUST COMPANY, Nancy Michels, Trustee, Defendants.**

**Bankruptcy No. 83–501.**
**CM No. 84–55.**

United States Bankruptcy Court,
D. New Hampshire.

Sept. 18, 1984.

Bertrand Zalinsky, Manchester, N.H., for debtors.

Nancy Michels, Londonderry, N.H., Interim Trustee.

Bernard H. Campbell, Salem, N.H., for Arlington Trust Company, defendant.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This Chapter 13 case is before the court upon a Motion by the Arlington Trust Company for Relief from the Automatic Stay to permit foreclosure of their mortgage upon a residential property. The unique factor in the case is that there is not now, and never has been, any debtor-creditor relationship between Arlington and the Chapter 13 debtors.

The property in question previously was owned by one John C. Dammann, who acquired the property in 1978 with a purchase money mortgage and loan involving the Arlington Trust Company. The mortgage contract between Arlington and Dammann included a "due-on-sale" clause which provided that if the property was sold without the lender's written consent the lender, at its option, could declare all the sums secured by the mortgage immediately due and payable.

In 1979 Dammann inquired as to the bank's policy on transfer and assignment of mortgage premises and was advised that the bank did not allow transfers. Thereafter, at some time between 1979 and 1981, Dammann and the present Chapter 13 debtors entered into a "Bond For Deed" agreement, which provided for purchase of the property in question by the Greens but under which the deed for the property, although executed on June 29, 1981, was not immediately recorded. The "Bond For Deed" agreement was recorded in the county registry of deeds on July 1, 1981. The deed itself was recorded on September 20, 1983. Dammann died on January 30,

1983. The debtors filed their Chapter 13 petition in this court on November 23, 1983.

The record in this case clearly establishes that the foregoing circuitous procedures, together with the additional fact that all payments following the purchase of the property by the Greens from Dammann were handled and transmitted to Arlington through Dammann's attorney, were all intended to keep the bank unaware of the transfer of the property and so avoid any acceleration of the mortgage debt under the "due-on-sale" clause.

The foregoing actions in fact achieved their purpose, in that when the mortgage payments were no longer received by the bank in the spring of 1983, apparently due to the failure of the Greens to transmit the same to Dammann's attorney for re-transmittal to the bank, the bank simply gave notice to Dammann on August 24, 1983 that it was accelerating the mortgage debt for default in payments as permitted by the mortgage.

For obvious reasons, the bank gave no notice to either Dammann or the Greens as to acceleration by virtue of the "due-on-sale" clause. The bank was simply unaware of any transfer that would have triggered that clause, as Dammann and the Greens intended, and therefore was under no legal duty to assert acceleration on that separate ground at that time.

Arlington contends that it should have relief from the automatic stay since the foregoing facts preclude the debtors from curing any default under a Chapter 13 plan, under the bank's view of the applicable law. If this is correct no plan is possible in this Chapter 13 proceeding since the debtors admittedly cannot pay off the accelerated debt in full immediately. The debtors contend to the contrary that it is well-established that a Chapter 13 plan can cure a mortgage which was accelerated pre-petition for default in payment. The debtors also note that the Bank never asserted the alternative grounds for acceleration, i.e., under the "due-on-sale" clause, prior to the filing of the Chapter 13 petition.

This court has previously set out its interpretation of the restricted power to cure defaults upon residential properties under Chapter 13 of the Bankruptcy Code in the case of *In Re Maloney*, 36 B.R. 876, 10 C.B.C.2d 180 (D.N.H.1984). The two circuit courts that have now passed specifically on this issue do hold that the Chapter 13 debtor can cure a pre-petition acceleration of a mortgage debt based upon a default in payments. *Grubbs v. Houston First American Savings Association*, 730 F.2d 236, 10 C.B.C.2d 549 (5th Cir.1984); *In re Taddeo*, 685 F.2d 24 (2nd Cir.1982).

The problem in the present case, however, is that the mortgagor Dammann is the only party who is in default upon the mortgage debt, and Dammann's estate is not here itself asserting rights to "cure" under the provisions of Chapter 13. While no court apparently has yet passed upon this specific fact situation, the general interpretation of section 1322 of the Bankruptcy Code is to the effect that it has to do with curing of default conditions occurring in a debtor-creditor relationship. *See Taddeo*, supra, at pp. 26–27. Cf. *In re Andrews*, 15 B.R. 717, 5 C.B.C.2d 955, 957 (D.S.C.1981).

The court accordingly concludes that the actual Chapter 13 debtors in this proceeding, the Greens, as a strict matter of law cannot cure in their Chapter 13 plan the acceleration of the mortgage debt in question as between Arlington and Dammann. Arlington therefore has a right to either immediate payment in full of its mortgage debt, or a right to proceed to foreclose the same free of any restriction by these Chapter 13 proceedings. Since the debtors admittedly cannot do the former, Arlington is entitled to the latter and should have leave from the automatic stay.

The court is not unmindful that it has the power, as a court of equity, to "look through form to substance" and recognize that the Greens in fact are the real parties-in-interest with regard to the property in question as a practical matter. However, they come before this court as parties in interest with unclean hands, in that they

took part in a obvious scheme to keep the bank "in the dark" as to the transfer of the property and thus avoid any acceleration under the "due-on-sale" clause. It is my view that this court is not required to exercise its extraordinary powers of equitable relief to parties who come before it in that posture. See 1 *Collier on Bankruptcy*, 15th Ed., § 3.01(b)(ii)(1984); 1 *Collier on Bankruptcy*, 14th Ed., § 2.09 (1978).

Based on the foregoing findings and conclusions, the court will enter an order lifting the automatic stay with regard to the Arlington Trust Company.