**In re REAL PRO FINANCIAL SERVICES, INC. a/k/a Real Pro Financial Services Corporation, Debtor.**

**Bankruptcy No. 89–8188–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 10, 1990.

Thomas C. Little, Clearwater, Fla., for debtor.

Savings of America, c/o David Cimo, Fort Lauderdale, Fla., for movant.

## ORDER ON MOTION FOR
## RELIEF FROM STAY

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 reorganization case and the matter under consideration is a Motion for Relief from Stay filed by Home Savings of America, N.A. (Home Savings). Home Savings in its Motion contends that the automatic stay should be lifted for cause "because of a violation of the so-called "due-on-sale" clause of the mortgage held by Home Savings. Basically, Home Savings asserts that as a result of this claimed violation of this clause in the mortgage it holds, the Debtor lost the right to reinstate the mortgage, which admittedly is in default, and, it should be granted relief from the automatic stay and permitted to foreclose its mortgage. The relevant facts as they appear from the record are indeed without dispute and are as follows:

Home Savings is a holder of two mortgages on real property currently owned by Real Pro Financial Services, Inc. (Debtor), located in Redington Beach and Largo, Florida, respectively. The original owner of these two properties and the original mortgagee named in the mortgages is Paul J. George (George), who was the principal and the sole stockholder of the Debtor. The Debtor's schedules indicate that George transferred his stock in Real Pro Group, Inc. to a corporation controlled by his wife. In September 1988, George executed a quitclaim deed and conveyed the two properties to the Debtor. Shortly thereafter, in November 1989, the Debtor filed its Chapter 11 Petition for reorganization.

Based on the foregoing undisputed facts, Home Savings asserts that it is entitled to relief from the automatic stay (with respect to the mortgage it holds on two parcels of property) because upon the execution of the quitclaim deed by George to the Debtor accelerated the entire indebtedness which became due by virtue of the due-on-sale, therefore, the mortgage no longer can be reinstated by this Debtor and unless he is paid in full the accelerated balance.

It should be noted at the outset that the argument advanced by counsel for Home Savings represents a non sequitur. This is so because there is nothing in the Bankruptcy Code § 362(d)(1) or (2) which would warrant to lift the automatic stay because of an alleged violation of a due-on-sale clause. The question whether or not these two mortgages could be reinstated and whether or not this Debtor could avoid the legal consequences of the due-on-sale clause, is without legal significance. The transfer of ownership by George to the corporation and its legal effect is obviously a matter to be considered only in the context of a proposed plan of reorganization. This Court is unwilling to accept the proposition that the alleged violation of the due-on-sale clause is "cause" which in turn would justify the removal of the automatic stay. Assuming without admitting, however, that it is conceivable that the sale may permit to grant the relief sought by Home Savings, this Court is still satisfied that the argument is without merit for the following reasons. The clause relied on by Home Savings as set forth in Paragraph 17 in the mortgage provides:

"Lender shall have the right, at its option, to declare any indebtedness and obligations secured hereby, ... due and payable within thirty (30) days after such declaration if:

(a) Borrower or any successor in interest to borrower of such property sells, enters in a contract of sale, conveys or alienates such property or any part thereof, or suffers its title or any interest thereunto to be divested...."

In support of its argument, Home Savings relies on the proposition that the Bankruptcy Court may not alter or modify the terms of a fully matured mortgage. While this proposition has validity in a Chapter 13 case, it certainly has no basis in a Chapter 11 case in which a debtor may clearly not only reinstate a fully matured mortgage but may even restructure a mortgage even if to do so the mortgagee's interest is impaired, provided the Debtor is

able to utilize the cramdown provision of § 1129(b) of the Bankruptcy Code.

In support of its motion, Home Savings cites the case of *In re Barrington Oaks General Partnership*, 15 B.R. 952 (Bankr. D.Utah 1981), *Barrington* furnishes scant, if any, support for the proposition urged by Home Savings. In *Barrington,* the court held that it was unnecessary to rule on the legal impact of the alleged violation of the due-on-sale clause because the interest of the mortgagee was found to have impaired the mortgage, not because of the violation of the due-on-sale clause, but by the mere substitution of the mortgagors. More importantly, however, the issue was raised not in the context of a stay litigation, but in the context of the confirmation process of the plan. Home Savings also relies on *In re Northwest Exploration Co.*, 71 B.R. 873 (Bankr.N.D.Okla.1987). Its reliance on this case is equally misplaced. In *Northwest Exploration,* the court held that

> "A Chapter 11 reorganization permits a bankruptcy debtor to restructure the contractual relationships with his *creditors.* The parameters of a Chapter 11 Plan are established by 11 U.S.C. § 1141(a) providing that a plan is effective only against: 'the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder or general partner in the debtor....' A plan modifying the contractual relationship of any additional parties is *fatally flawed for the purposes of confirmation.*"

*Id.* at 877. (emphasis added) (citations omitted). Thus, *Northwest* stands only for the proposition that a plan proffered by the debtor in that case could not be confirmed because it, in fact, modified the contractual relationship between the debtor and third parties who were not creditors of the debtor.

As noted earlier, in this instance, the issues raised in the context of the stay litigation and clearly in this Court's judgment, that is not "cause" within the meaning of the term used in § 362(d)(1) which would warrant to grant the relief sought.

Moreover, "a due-on-sale clause is not something so sacrosanct that it is immune from modification in a bankruptcy setting." *In re Coastal Equities, Inc.*, 33 B.R. 898 (Bankr.S.D.Cal.1983). In *Coastal Equities,* the court held that in context of the confirmation of plans of reorganization, the bankruptcy court has unfettered power to fairly and equitably modify contractual rights, including the alteration of due-on-sale clauses.

Home Savings presents one last argument in support of its Motion for Relief from Stay based on the case of *In re Green,* 42 B.R. 308 (Bankr.D.N.H.1984). *Green* was a Chapter 13 case where the original mortgagor sought the mortgagee's consent to transfer and assign the mortgaged premises to the debtors. The mortgagee refused to consent. Thereafter, the original mortgagor and the debtors without consent effected the transfer, but failed to record the conveyance. The motion of the bank which held the mortgage which sought relief from the stay was granted primarily because, as noted, *Green* was a Chapter 13 case which, of course, prohibits to modify or alter the right of a secured creditor where the debt is secured solely by the principal residence of the debtor. § 1325(b)(2). Moreover, Chapter 13 does not have a prohibition which authorizes impairment of interest which expressly is included in Chapter 11, § 1124 of the Bankruptcy Code. In *Green,* the court also took into consideration the unclean hands of the debtors who were found to have taken part in an obvious scheme to keep the mortgagee in the dark and thus to avoid any acceleration due to the due-on-sale clause. Also in *Green,* the property subject to a mortgage with a due-on-sale clause was transferred to joint Chapter 13 debtors prior to their filing for such relief. The original mortgagor on the property sought the mortgagee's consent to transfer and assign the mortgage premises to the debtors. The mortgagee did not allow such. Thereafter, the original mortgagor and the debtors did indeed effect a transfer, but purposely failed to record the same. The bank sought relief from stay and was awarded

the same for several reasons which distinguished the case from the instant case.

Thus, it is evident that any reliance by Home Savings on *Green* is totally misplaced. As noted, *Green* was a Chapter 13 case and the instant case is a Chapter 11 case. Chapter 13 of the Bankruptcy Code has no section dealing with the impairment of claims and interests as does Chapter 11. 11 U.S.C. § 1124.

Based on the foregoing, the argument of Home Savings that this Court has no power to modify or alter a mortgage with a due-on-sale clause therein is wholly without merit. Moreover, this Court may alter or modify contractual relationships between the Debtor, equity security holders of the Debtor and third parties. Lastly, with respect to alteration or modification of contractual relationships, the issues which arise therein are better left to the time of plan confirmation and are not appropriate for stay litigation.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Relief from Stay filed by Home Savings be, and the same is hereby, denied.

DONE AND ORDERED.