**In re Rico R. MITCHELL, Debtor.**

**Bankruptcy No. 93–72087.**

United States Bankruptcy Court, C.D. Illinois.

March 11, 1994.

Steven C. Mills, Springfield, IL, for debtor.

Jon Gray Noll, Springfield, IL, for Illini Bank.

### *OPINION*

LARRY L. LESSEN, Bankruptcy Judge.

The issue before the Court is whether the automatic stay should be lifted to allow the Bank to foreclose on property mortgaged by a third party but now occupied and owned by the Debtor.

The property in question is a house located at 812 S. 24th St., Springfield, Illinois. According to the Debtor's schedules, the house has a market value of $11,000.00 and Illini Bank, which has a secured interest in the property, is owed $11,000.00.

On August 30, 1972, the Debtor's parents, Richard and Dora Mitchell, executed a mortgage on the above referenced property to the Peoples National Bank of Springfield. (Illini Bank is the successor in interest to Peoples Bank.) The mortgage was recorded on August 31, 1972. Accordingly, the Bank has a valid perfected security interest in the property.

The Debtor testified that he has made the mortgage payments on the property since 1978. These payments were made by money order, and he was named as remitter.

On September 27, 1984, Richard and Dora Mitchell gave the Debtor a quitclaim deed to the property. The quitclaim deed was not recorded at the time. The Debtor understood that the quitclaim was subject to the mortgage, but he did not assume the mortgage.

On September 24, 1993, the Bank initiated foreclosure proceedings on the property. A Lis Pendens was filed with the Recorder of Deeds so that interested parties would have constructive notice of the pending foreclosure proceeding. Named as Defendants in the foreclosure proceeding were Richard and Dora Mitchell and "Unknown Owners and Non–Record Claimants". Notice of the foreclosure proceeding was published in the local newspaper for the purpose of obtaining jurisdiction over the unknown owners and non-record claimants.

On December 27, 1993, the Debtor filed his quitclaim deed with the Recorder of Deeds. Later that day, the Debtor filed the instant Chapter 13 proceeding.

Before the Court is the Bank's Motion for Relief from the Automatic Stay. The Bank asserts that there is no debtor-creditor relationship between the Debtor and the Bank. Because the Debtor is not liable on the mortgage, there exists no debt to the Bank. Therefore, the Bank argues that the Chapter 13 plan may not provide for the curing of the default. The Debtor argues that he is liable on the mortgage, and the Bank is equitably estopped from denying the Debtor's personal liability.

The Court was presented with a similar factual situation in *In re Page*, No. 89–70398. In *Page*, an insurance company held a mortgage which named as mortgagee a party identified by the Court as Party X. At some point, Party X conveyed his interest in the subject real property to the debtor. The insurance company never accepted the debtor as a liable party on the note or mortgage. The insurance company never accepted payments from the debtor, and always expected payments from Party X. When Party X failed to comply with all the terms of the note and mortgage, the insurance company filed a mortgage foreclosure proceeding. The debtor was named as a defendant in the foreclosure proceeding because the insurance company had learned of an unrecorded installment land contract which named the debtor as the purchaser of the property. The debtor also obtained a quitclaim deed to the property. The debtor filed a petition for relief under Chapter 12 of the Bankruptcy Code, and the foreclosure proceeding was stayed pursuant to 11 U.S.C. § 362. The insurance company moved to lift the automatic stay and the Court allowed the motion. The Court denied the debtor's motion for stay pending appeal, and the debtor appealed the denial of the stay pending appeal to the District Court.

In an Opinion dated December 11, 1989, Judge Mills denied the debtor's motion for a stay pending appeal because the debtor had failed to demonstrate likelihood of prevailing on the merits of the appeal. The District Court found that there was no debtor-creditor relationship between the debtor and the insurance company. Referring to the insurance company as the "Appellee" and the debtor as the "Appellant", Judge Mills stated:

> ... Party X owes the debt to Appellee, and Appellee is the creditor of Party X. That relationship was created prior to the Appellant entering the picture, and so Appellant's interest is junior to that of the Appellee. Appellee's quarrel is with Party X, and nothing in the Bankruptcy Code can be used to dispute the relationship between Appellee and Party X under these circumstances.

*In re Page*, No. 89–70398, Slip op. at p. 4. (Dec. 11, 1989). Judge Mills further observed that the debtor had "no direct support for his position," and that "his position not only sounds unreasonable, but is apparently unreasonable under the applicable statutory provisions." Slip op. at p. 5.

Judge Mills' holding in *Page* is well supported by the applicable case law. For example, the debtors in *In re Wilkinson*, 99 B.R. 366 (Bankr.N.D.Ohio 1989) inherited property as a result of the death of one of the debtor's parents. Because the debtors were not personally liable on the underlying mortgage taken out by the parents, the Court held that the debtors could not cure the arrearage on the mortgage through their Chapter 13 plan. Therefore, the Court lifted the automatic stay and denied confirmation of the Chapter 13 plan. A similar result was reached in *In re Jones*, 98 B.R. 757 (Bankr. N.D.Ohio 1989) where the Chapter 13 debtor purchased mortgaged property from the

mortgagors on a land installment contract. Although the mortgage was assumable, the debtors did not agree to assume the mortgage. Accordingly, the Court found that there was no debtor-creditor relationship between the debtor and the mortgagee, and therefore, the Chapter 13 plan could not provide for cure of the default. *See, In re Kelly,* 67 B.R. 508 (Bankr.S.D.Miss.1986); *In re Green,* 42 B.R. 308 (Bankr.D.N.H.1984).

The Debtor argues that equitable considerations mandate a denial of the motion to lift the automatic stay. The Debtor states that he has made the mortgage payments since 1978, and has been the non-record owner of the property since 1984, and the record owner since late 1993. He testified that the Bank was aware that he was living at the house, and that the Bank even contacted him about the insurance and taxes on the property.

In *In re Everhart,* 87 B.R. 35 (Bankr. N.D.Ohio 1988), the Court allowed a debtor who lacked privity on a mortgage transaction to cure defaults on the mortgage within a Chapter 13 plan. The Court found that although the mortgagee was not a creditor as defined by the Bankruptcy Code, equitable considerations, including the mortgagee's knowledge of the unauthorized conveyance, the mortgagee's issuance of payment coupon books in the name of the debtor, and the mortgagee's receipt of debtor's payments for seven years, required the Court to impose a debtor-creditor relationship between the debtor and the mortgagee as a result of the mortgagee's conduct evidencing a ratification of such a relationship. *See, In re Taylor,* 96 B.R. 584, 591 (Bankr.E.D.Pa.1989) (Debtor has burden of establishing that equities are in his favor).

In the case at bar, the Court does not find the compelling equitable considerations which would mandate the imposition of a debtor-creditor relationship on the debtor and the Bank. The Debtor never made any effort to assume the mortgage with the Bank. The Bank never issued a payment book in the name of the Debtor. The Bank did not become aware of the 1984 quitclaim deed until after the foreclosure proceedings were initiated. Under these circumstances,

the Debtor's equitable argument is not persuasive.

For the foregoing reasons, Illini Bank's Motion for Relief from the Automatic Stay is allowed.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.